■ ROBERT W. FETTERHOFF, Appellant, v WESTERN BLOCK Co., DIVISION OF AMERICAN HOIST AND DERRICK Co., Respondent.—Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from the granting of defendant-respondent's motion to dismiss his complaint for failure to state a cause of action. The complaint and affidavit in opposition to defendant's motion allege that plaintiff was so severely injured during the course of his employment by defendant that he will be permanently unable to have sexual intercourse and to procreate children. Special Term properly held "that he [plaintiff] was relegated to compensation even though his injury was not a scheduled injury in Section 15 of the Workmen's Compensation Law". Defendant asserts that not only did the complaint allege an injury compensable only under the Workmen's Compensation Law but that the injury had been reported to the compensation board, that plaintiff had received from defendant's compensation carrier $4,200 in medical benefits, $1,957 in indemnity disability benefits, and further that plaintiff's case is still pending before the board. Plaintiff contends that Workmen's Compensation Law is not the exclusive remedy; that he has a right to proceed under the Employers' Liability Law and also on the theory of strict liability in tort. Furthermore, he argues, that the sections of the Workmen's Compensation Law, as applied by Special Term, relating to the plaintiff are unconstitutional. Section 11 makes workmen's compensation, provided the employer

complies with section 10, as defendant did, the exclusive and only remedy that an injured employee may assert against his employer. *Farnum v Garner Print Works & Bleachery* (184 App Div 911, affd 229 NY 554) upheld the dismissal of a complaint where the facts are almost identical with the instant case, with very similar injuries and resulting physical effect (sexual sterility). The Court of Appeals in *Farnum* clearly supports defendant's contention that section 11 excludes all rights "at common law or otherwise on account of such injury". Since *Farnum* that court has consistently held that the Workmen's Compensation Law precludes injured employees from asserting personal injury actions against covered employers based on injuries arising out of and in the course of employment, even though the employee suffers some loss not specifically compensated under the Workmen's Compensation Law. "Whatever be the wisdom or justice of such a limitation, its constitutionality is clear. It is of the essence of workmen's compensation that the benefits therein provided as to any accidental injury or occupational disease are exclusive, and that, once the Legislature has specified those benefits, no damages or remedies against the employer are available elsewhere (see *New York Central R.R. Co. v White,* 243 US 188; *Matter of Jensen v Southern Pacific Co.,* 215 NY 514, revd on other grounds *sub nom. Southern Pacific Co. v Jensen,* 244 US 205; *Shanahan v Monarch Eng. Co.,* 219 NY 469; *Repka v Fedders Mfg. Co.,* 264 NY 538.)" *(Cifolo v General Elec. Co.,* 305 NY 209, 214–215.) Therefore, inasmuch as plaintiff does not allege an intentional tort or that defendant has failed to make compensation under section 11 of the Workmen's Compensation Law (see *Artonio v Hirsch,* 3 AD2d 939), the complaint fails to allege a cause of action and was properly dismissed as a matter of law. (Appeal from order of Erie Special Term, in negligence action.) Present—Marsh, P. J., Mahoney, Goldman, Del Vecchio and Witmer, JJ.