■ Bonita Leopold, Appellant, v Thomas B. Britt et al., Respondents. —In an assault action, plaintiff appeals from an order of the Supreme Court, Queens County, dated September 2, 1976, which granted defendants' application for summary judgment, made upon their motion for leave to

serve an amended answer and plaintiff's cross motion, *inter alia,* to restore the action to the Trial Calendar, and dismissed the complaint. Order reversed, on the law, with $50 costs and disbursements to plaintiff; motion for summary judgment denied; defendants' motion for leave to serve an amended answer granted; and plaintiff's cross motion to restore the case to the Trial Calendar and for leave to serve a third supplemental bill of particulars granted. The time within which the amended answer and supplemental bill of particulars must be served is extended until 10 days after entry of the order to be made hereon. The second amended complaint consists of three causes of action: (1) for damages arising out of an alleged assault; (2) for damages arising out of negligent conduct; and (3) for damages arising out of fear caused by threatened violent conduct. The causes of action apparently had their genesis in an incident occurring on November 10, 1971 between the plaintiff and the defendant, Thomas B. Britt, while the plaintiff was employed as secretary and general office manager by the defendants. The defendants moved for leave to serve a proposed amended answer containing the defense of *res judicata* and collateral estoppel, grounded on the disallowance of plaintiff's claim for workmen's compensation because "no causal relationship was found between any of the alleged acts claimed to have been done by the defendant, Thomas B. Britt, and any of the injuries which the plaintiff claimed to have suffered." The plaintiff cross-moved to restore the case to the Trial Calendar and for leave to serve a third supplemental bill of particulars. In an affidavit opposing the cross motion, the defendants asked for summary judgment based on the record in the proceedings before the Workmen's Compensation Board. In a reply affidavit, the plaintiff resisted summary judgment. Special Term granted summary judgment and dismissed the complaint, finding that the determination disallowing plaintiff's claim for workmen's compensation precluded the proof of damage by the plaintiff. The motion practice utilized by the parties was irregular. Even under a motion to dismiss the complaint for facial insufficiency or because documentary evidence demonstrates that the plaintiff has no cause of action, the motion may not be converted into one for summary judgment unless the court adequately notifies the parties *(Rovello v Orofino Realty Co.,* 40 NY2d 633). Here, the defendants sought to convert a motion for leave to serve an amended answer into a motion for summary judgment, a procedure which disrupts the orderly development of a case during the pleading stages. If no more had occurred than this, we would be impelled to reverse the order dismissing the complaint. However, it also appears that the plaintiff, having notice of the defendants' irregular practice, joined issue and opposed the defendants' request on the merits. Special Term could then conclude that the parties had charted their own course, and treat the motion for summary judgment on the merits *(Stevenson v News Syndicate Co.,* 302 NY 81, 87-88), and we shall do likewise. On the whole we think it preferable that an application for summary judgment should not be entertained unless the party against whom it is directed should have been given the full notice which the CPLR requires. Turning to the merits, we note that "Although not provided for by statute, case law has engrafted an exception on the exclusiveness of the compensation remedy where the employer himself commits an assault on the plaintiff *(Le Pochat v. Pendleton,* 271 App. Div. 964, affg. 187 Misc. 296) or, acting through another, instigates or abets an assault *(Lavin v. Goldberg Bldg. Material Corp.,* 274 App. Div. 690)" *Estupinan v Cleanerama Drive-In Cleaners,* 38 AD2d 353, 354; see, also, *Artonio v Hirsch,* 3 AD2d 939). So far as the first and third causes of action in the complaint are concerned, there are

questions of fact for the trial with respect to the claim of an intentional assault and the relative liabilities of the defendant Britt and the corporate defendant. Since the proceedings before the Workmen's Compensation Board therefore dealt with an accidental injury, which is encompassed within the second cause of action, it is clear that the complaint, so far as it concerned the first and third causes of action, was not subject to dismissal by summary judgment on the ground of *res judicata.* Nor was the finding that there was no causal relationship between the acts of the defendant Britt and the injuries conclusive as to proof of damage on the ground of collateral estoppel. Damages may be recovered in a common-law action for intentional harm for the mental disturbance and the offense to the plaintiff's personal dignity (Prosser, Torts [4th ed], pp 34-41; see *Masters v Becker,* 22 AD2d 118), and exemplary damages may be recoverable *(Conners v Walsh,* 131 NY 590). For these reasons the dismissal of the complaint must be reversed. However, the amendment of the answer should be allowed, inasmuch as the defense of *res judicata* and collateral estoppel may be pertinent to the proof offered by the plaintiff at the trial. The relief sought by the plaintiff by the cross motion should also have been granted. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.