■ ALEXANDER Z. DUBICKI et al., Respondents, v ROBERT F. MARESCO et al., Appellants, and JOSEPH DASHEFSKY, Defendant and Third-Party Plaintiff-Respondent-Appellant. NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Third-Party Defendants-Appellants.—In an action to recover damages for personal injuries, etc., predicated upon theories of negligence and medical malpractice, the defendants, Dr. Joseph Dashefsky and Robert and Carlo Maresco, and the third-party defendant New York City Health and Hospitals Corporation appeal from a judgment of the Supreme Court, Kings County, entered April 12, 1977, which, after a jury trial, (a) awarded the plaintiff Alexander Dubicki $810,000, with interest, in his personal injury action against the defendants in the main action, (b) awarded the plaintiff Anne Dubicki $25,000, with interest, in her derivative action against the defendants in the main action, (c) dismissed the defendants Marescos' cross claims against defendant Dr. Dashefsky and the third-party defendant Health and Hospitals Corporation and (d) awarded Dr. Dashefsky recovery of $450,000, plus costs and disbursements, in his third-party action against the Health and Hospitals Corporation. Judgment modified, on the law, by (1) deleting the fourth decretal paragraph thereof, which dismissed the Marescos' cross claims against Dr. Dashefsky and the Health and Hospitals Corporation, and substituting therefor a provision granting judgment in favor of the Marescos and against both Dr. Dashefsky and the Health and Hospitals Corporation, (2) adding thereto a provision apportioning the Marescos' cross claims to entitle them to recover 54% of the verdict from the Health and Hospitals Corporation and to recover 36% of the verdict from Dr. Dashefsky, (3) deleting the fifth decretal paragraph thereof and substituting therefor a provision granting the Health and Hospitals Corporation's motion to dismiss the third-party complaint for contribution, (4) deleting from the first and second decretal paragraphs thereof all references to Dr. Dashefsky and (5) adding thereto a provision which entitles the plaintiffs to recover and have judgment against defendant Dr. Dashefsky to the extent of 36% of the awarded damages. As so modified, judgment affirmed, without costs or disbursements, and action remanded to the Trial Term for entry of an appropriate amended judgment. At approximately 3:00 A.M. on March 30, 1971, the plaintiff Alexander Dubicki, while on assignment as a cable splicer for the New York Telephone Company, sustained, *inter alia,* a broken right leg and deeply lacerated right groin as a result of the negligent operation of a vehicle owned by Carlo Maresco and driven by Robert Maresco. He was taken to the emergency room of Elmhurst General Hospital (Elmhurst General), which is owned and maintained by the New York City Health and Hospitals Corporation (City Hospitals Corp.). The groin wound was sutured and a full plaster cast applied to his leg. He remained there for two days. On April 1, 1971 Alexander Dubicki was transferred to Central General Hospital, which was closer to his home. There he came under the care of Dr. Joseph Dashefsky. After numerous operations and extensive medical treatment, Mr. Dubicki sustained complete disuse of his right leg, with the threat of future amputation. Alexander Dubicki and his wife, Anne Dubicki, sued: (1) the Marescos, alleging negligence in the operation of the vehicle which struck him; and (2) Dr. Dashefsky, alleging that this doctor's malpractice aggravated the injury. Dr. Dashefsky impleaded, *inter alia,* City Hospitals Corp., as a third-party

defendant, seeking contribution. The Marescos asserted cross claims for contribution against Dr. Dashefsky and City Hospitals Corp. After being charged on the main claims, the jury returned a verdict of $810,000 in favor of the plaintiff Alexander Dubicki against the Marescos and Dr. Dashefsky and $25,000 in favor of the plaintiff Anne Dubicki against the Marescos and Dr. Dashefsky. The jury apportioned the total damages of $835,000 in both the personal injury and loss of services actions as follows: "1. 10% ($83,500) against the Marescos; and 2. 90% ($751,500) against Dr. Dashefsky." The court then charged the jury with respect to the third-party action. The jury returned a verdict prorating the 90% damages apportioned to Dr. Dashefsky as follows: "1. 60% ($450,900) against the third-party defendant City Hospitals Corp.; and 2. 40% ($300,600) against the third-party plaintiff, Dr. Dashefsky." The court dismissed the Marescos' cross claims and denied the third-party defendant City Hospitals Corp.'s motion to dismiss the third-party complaint. We find that Dr. Dashefsky's third-party complaint should have been dismissed. Our review of the record clearly indicates that Dr. Dashefsky and City Hospitals Corp. are successive, not joint, tort-feasors. When Mr. Dubicki was admitted to Central General Hospital and transferred to the care of Dr. Dashefsky, Elmhurst General's acts of malpractice had been completed. The facts do not provide us with a reasonable basis to conclude that Elmhurst General's negligence would have been a direct proximate cause of the injuries suffered by Mr. Dubicki at the hands of Dr. Dashefsky. As such, City Hospitals Corp. would be liable for all damages flowing from the negligence of its agent Elmhurst General, including the aggravation of the condition by Dr. Dashefsky as a subsequent tort-feasor. However, Dr. Dashefsky would be liable to the plaintiffs only for the aggravation caused by his own conduct. (See *Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267.) This court recognizes, *sua sponte,* that the first and second decretal paragraphs in the judgment erroneously entitled the plaintiffs to full recovery of their respective damage awards from Dr. Dashefsky. Consequently, we have modified those decretal paragraphs accordingly and have included an additional provision limiting the plaintiffs' recovery to reflect the damages aggravated by Dr. Dashefsky's malpractice. The Marescos, the initial tort-feasors, are liable to the plaintiffs not only for the injuries caused by the negligent operation of their vehicle, but also for the reasonable foreseeable aggravation of Mr. Dubicki's conditions by subsequent acts of malpractice committed at Elmhurst General and by Dr. Dashefsky. However, an apportionment of the damages among the defendants, as requested in Marescos' cross claims, should have been granted. In the light of the fact that the personal injuries suffered by Mr. Dubicki were separate and divisible, the jury, after having rendered its total award of $810,000 on Mr. Dubicki's claim and $25,000 on Mrs. Dubicki's derivative claim, should have been instructed to sever the damages to reflect: (a) those sustained solely through the negligence of the Marescos; (b) those sustained solely through the malpractice of Elmhurst General; and (c) those sustained solely through the malpractice of Dr. Dashefsky. The jury should have then been further instructed to make two separate apportionments. The damages attributed solely to the malpractice committed at Elmhurst General should have been apportioned between the Marescos and City Hospitals Corp. Then the damages attributed solely to the malpractice committed by Dr. Dashefsky should have been apportioned among the Marescos, City Hospitals Corp. and Dr. Dashefsky. This was not done. Instead, the court instructed the jury to apportion the damages between the Marescos and Dr. Dashefsky. After a charge on the main action, the jury returned a verdict attributing 10% of

the damages to the Marescos and 90% of the damages to Dr. Dashefsky. The court gave a second charge regarding the apportionment of the 90% between Dr. Dashefsky and City Hospitals Corp. We find that the instructions on apportionment given in both charges were unclear and did not accurately reflect the culpabilities of the defendants. Notwithstanding, there is no need to remand the case for a new trial on the apportionment of damages. A review of the evidence demonstrates that Dr. Dashefsky and City Hospitals Corp., aware of the lack of clarity in the charge, did not register their objections. Twice the court charged the jury on the issue of apportionment. The substance of these charges, with regard to the assessment of liability among the defendants, was not challenged. Despite the court's rejection of the City Hospitals Corp.'s application to dismiss the third-party complaint, the defendants could still have requested a more accurate demarcation of the injuries caused by each defendant. The parties have charted their own course. Since they have acquiesced to the charges as given, we should do likewise and not intervene in their scheme. (See *Stevenson v News Syndicate Co.,* 302 NY 81, 87; *Leopold v Britt,* 58 AD2d 856, 857.) We remind the parties that the management of litigation calls upon counsel to exercise a highly judgmental function as they chart their course through the courts. (*Salesian Soc. v Village of Ellenville,* 41 NY2d 521, 525.) Moreover, we find the apportionment of damages between Dr. Dashefsky and City Hospitals Corp. is commensurate with the proof of culpability adduced at the trial. Upon our review of the record, the apportionment of the damages was fair. There is expert testimony indicating that the first few hours after the injury was sustained were crucial hours to the recovery of Mr. Dubicki's groin wound. We note that a retrial on the issue of apportionment would entail the presentation of virtually all the evidence adduced at the trial on the main claim and would involve the participation of all parties. This result would visit a gross injustice upon the plaintiffs. Consequently, we accept the jury's apportionment of the culpabilities of Dr. Dashefsky and City Hospitals Corp. in computing the Marescos' cross claims. We hold that the Marescos are entitled to recover 54% of the total damages against City Hospitals Corp. (60% of 90%), and 36% of the total damages against Dr. Dashefsky (40% of 90%). Furthermore, we find that the awards of damages in favor of Alexander Dubicki and Anne Dubicki are not so excessive as to shock the conscience of the court. We also find that the appellants' remaining contentions with respect to alleged errors in the jury charge and in the summation of the plaintiffs' attorney are meritless. Hopkins, J. P., Martuscello, Titone and Rabin, JJ., concur.