■ LINDA MARINO, Respondent, et al., Plaintiff, v JOHN G. LEONARD et al., Defendants, and NICHOLAS A. MARINO, JR., et al., Appellants.—In an action to recover damages for personal injuries, etc., predicated upon theories of negligence and medical malpractice, defendants Nicholas A. Marino, Jr., Nic Mar Printing Co., Inc., Ronald Goldstein, Joseph Plastaras, and St. John's Smithtown Hospital appeal from a judgment of the Supreme Court, Kings County, entered July 5, 1978, which, upon a jury verdict, *inter alia,* was in favor of plaintiff Linda Marino in the principal sum of $480,000. The above named defendants, except for Joseph Plastaras, also appeal from a resettled judgment of the same court dated September 5, 1978. Appeals from the judgment entered July 5, 1978 dismissed as academic, without costs or disbursements. Joseph Plastaras' appeal from the judgment entered July 5, 1978 brings up for review the resettled judgment dated September 5, 1978. Resettled judgment reversed, on the law, and new trial granted with respect to the issue of damages only, without costs or disbursements, unless, within 20 days after service upon the plaintiff-respondent of a copy of the order to be made hereon, together with notice of entry thereof, she shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to the principal sum of $415,000, in which event, the resettled judgment as so reduced and amended is modified by: (1) deleting the first decretal paragraph thereof and substituting therefor a provision awarding plaintiff-respondent in her action against Nicholas A. Marino, Jr., and Nic Mar Printing Co., Inc., the principal sum of $415,000, less the amount paid to her in her action against Ronald Goldstein, Joseph Plastaras and St. John's Smithtown Hospital; (2) adding thereto a provision awarding plaintiff-respondent the principal sum of $350,000 in her action against defendants Ronald Goldstein, Joseph Plastaras, and St. John's Smithtown Hospital; (3) deleting the third decretal paragraph thereof which dismissed all cross claims, and substituting therefor a provision dismissing the cross claims brought by John G. Leonard; (4) adding thereto a provision granting judgment in favor of defendants Nicholas A. Marino, Jr., and Nic Mar Printing Co., Inc., on their cross claims against Ronald Goldstein, Joseph Plastaras and St. John's Smithtown Hospital in the principal sum of $350,000 and dismissing their remaining cross claims; and (5) adding thereto a provision granting judgment in favor of St. John's Smithtown Hospital on its cross claim against Ronald Goldstein for 65% ($227,500) of the principal sum of $350,000 and on its cross claim against John Plastaras for 10% ($35,000) of the principal sum of $350,000 and dismissing its remaining cross claims. As so modified, resettled judgment, as so reduced and amended, affirmed, without costs or disbursements. On February 5, 1974, plaintiff-respondent (hereinafter plaintiff) aged 16, was injured in an automobile accident and suffered, *inter alia,* a cerebral concussion and compound fracture of the right patella (kneecap). The patella would have knit without surgery if the knee had been put in a cast initially. The hospital took a single X ray of the knee, although hospital

procedure required that three X rays be taken. Dr. Plastaras examined the X ray, failed to diagnose the fracture, and closed up the wound. The following day, Dr. Goldstein, a radiologist, examined the single X ray of plaintiff's right knee, and observed no fracture. Testimony was elicited at trial that the failure to diagnose the fracture was departure from accepted medical practice. On February 10, 1974 plaintiff was ordered out of bed and on February 13, she was permitted to walk around. On February 14, 1974 she was about to be discharged, when an examination by an orthopedist revealed that her right patella was fractured, and the segments had separated. Surgery was performed to reunite the separated segments, but infection ensued. The bone never knitted properly, and a bone graft was performed in July, 1974. However, plaintiff now suffers from traumatic arthritis, and still feels pain. Her condition will become progressively worse, and could require a patellectomy in the future. There is a permanent surgical scar and two drainage scars on her knee, as well as a traverse scar from the original cut. However, plaintiff is able to participate in sports and there is no evidence in the record that she will incur loss of earnings from her injuries. The jury awarded $480,000 in damages of which $415,000 was for aggravation of the knee injury. In our view, the verdict, insofar as it was for the aggravation of the knee injury was excessive and should be reduced to $350,000 (cf. *Chlystun v Frenmer Transp. Corp.,* 74 AD2d 862). Further, Nicholas A. Marino, Jr., and Nic Mar Printing, Inc., as initial tort-feasors, are liable to the plaintiff, not only for the injuries caused by the negligent operation of the vehicle, but also for the aggravation of those injuries (see *Dubicki v Maresco,* 64 AD2d 645). The resettled judgment should be modified accordingly. We have considered the other points raised by the parties and find them to be without merit. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.