OPINION OF THE COURT
Seymour Boyers, J.
In this medical malpractice action the third-party defendant moves to dismiss the third-party action on the ground that it is legally insufficient.
The plaintiff undertook a series of operative procedures under the care of the third-party defendant for the purpose of reducing a portion of her leg size. The third-party defendant, a plastic surgeon, performed three separate operative procedures over the course of several years. Upon completion of the third operation in 1973, the third-party defendant terminated his practice in New York and removed to California. In 1974 the plaintiff sought the assistance of defendant, another plastic surgeon, with regard to an unrelated operative procedure. While under the defendant’s care, either at plaintiff’s request or defendant’s suggestion, medical treatment was undertaken with the intention of reducing certain scarring which was the result of the three previous operations. Plaintiff commenced the instant action, claiming that defendant’s treatment re- *189 suited in a substantial aggravation of the scarring condition. Defendant thereafter commenced a third-party action, claiming that the third-party defendant is required to contribute to any sums recovered by the plaintiff in that the third-party defendant was negligent in the manner of treatment.
The instant motion is based on Zillman v Meadowbrook Hosp. Co. (45 AD2d 267) which holds as a general rule that a successive tort-feasor may not seek contribution from a prior tort-feasor. In reply, the defendant third-party plaintiff contends that the third-party defendant is a concurrent tort-feasor and liable in contribution or, in the alternative, that he is liable under the provisions of CPLR 1401 as a tort-feasor whose act contributed to the injury here in litigation.
The fundamental theory set forth in Zillman is that a successive tort-feasor can be cast in damages only for aggravation of a previous condition or any injuries caused by his own wrongful conduct. Since the successive tortfeasor cannot be cast in damages for any injuries resulting from the wrongful act of the prior tort-feasor, contribution would be inappropriate. (Zillman v Meadowbrook Hosp. Co., 45 AD2d 267, 270-271, supra.) While the Zillman decision temporally precedes the enactment of CPLR 1401, its theory must nevertheless be held applicable today as the Appellate Division, Second Department, subsequently reiterated the same rationale in the later determination of Dubicki v Maresco (64 AD2d 645, 646). The decision in Wiseman v 374 Realty Corp. (54 AD2d 119) is in fact not to the contrary. In that case the Appellate Division, First Department, examined the effect of the rule in Zillman as it impacts on the question of contribution. There they sustained a third-party action brought by a successive tortfeasor but did not dispute the rationale of Zillman. In that instance the injury resulted in wrongful death which could have been brought about by either the act of the initial or the subsequent tort-feasor. Under those circumstances it is impossible to hold that one of the defendants was clearly a successive tort-feasor and not liable for the acts of the prior. (See 2A Weinstein-Korn-Miller, NY Civ Prac, par 1401.11.) As was noted by the court in Wiseman, the rule in *190 Zillman is applicable where the injuries are separate or where they are susceptible of delimitation. (Wiseman v 374 Realty Corp., 54 AD2d 119, 122, supra.) That particular explanation cannot be seen as a limitation on Zillman. The rule has been long standing in this department that where separate independent negligent acts coalesce in the production of a single undividable injury, the parties are held in negligence as joint tort-feasors. (Hawkes v Goll, 256 App Div 940, affd 281 NY 808; see Hill v Edmonds, 26 AD2d 554.)
Such is not the case here. The acts of the third-party defendant, if assumed negligent, were long completed before the acts of defendant were undertaken. The scarring condition resulting from third-party defendant’s conduct had occurred or was in the process of occurring and was completely beyond the active control of the third-party defendant. The acts of the defendant were separate, independent, intervening acts which plaintiff alleges aggravated the prior existing condition. If this be true, the defendant is a successive tort-feasor whose acts resulted in the aggravation of a prior existing condition, clearly delimited and separable from the prior existing condition. (See Dubicki v Maresco, 64 AD2d 645, supra; Zillman v Meadowbrook Hosp. Co., 45 AD2d 267, supra.)
Movant’s reliance on the provisions of CPLR 1401 does not necessitate a different result. Unquestionably, that statute permits contribution between “two or more persons who are subject to liability for damages for the same personal injury”. That has been held to include not only joint tort-feasors, but also concurrent, successive, independent or alternative tort-feasors. (Wiseman v 374 Realty Corp., 54 AD2d 119, 121, supra.) That definition, however, cannot be considered apart from the provisions of CPLR 1402 which provide, in part, that the amount of contribution shall be determined “in accordance with the relative culpability of each person liable for contribution.” While contribution may be sought from one who is vicariously liable for the injury involved, it may not be sought on behalf of the tort-feasor whose conduct rendered the other tort-feasor vicariously liable. (Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y., 58 AD2d 397, 401, affd 45
*191 NY2d 551.) In the case of prior and successive tort-feasors the law is clear that the prior tort-feasor is responsible not only for the injuries resulting from his own culpable conduct, but also injuries resulting from the culpable conduct of the successive tort-feasors. This liability, however, is vicarious in nature and not a result of his own culpable fault. (See Musco v Conte, 22 AD2d 121, 124-125.) Under the circumstances, while the language of CPLR 1401 may permit of contribution between successive tort-feasors in an appropriate circumstance, it will not permit of such where the party seeking contribution attempts to recover contribution from another held liable solely because of the culpable fault of the third-party plaintiff. Such contribution could be sought not only in instances where the tortfeasors are both vicariously liable, but also under circumstances illustrated in Zillman where the conduct of the initial tort-feasor is such that subsequent injury of necessity can be expected to occur, resulting in a finding that the initial tort-feasor is basically joint or concurrent with the subsequent acts of the successive tort-feasor. (See Zillman v Meadowbrook Hosp. Co., 45 AD2d 267, 270, supra.)
Accordingly, the motion by the third-party defendant to dismiss the third-party complaint is granted.
Settle order containing an appropriate provision for severance.