■ WARREN THOMPSON, Respondent, v MAIMONIDES MEDICAL CENTER et al., Appellants. — In an action to recover damages for defamation, intentional infliction of emotional distress and negligence, defendants appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated February 5, 1981, which granted plaintiff's motion to dismiss certain affirmative defenses, to the extent of (1) dismissing outright the defenses of, *inter alia,* Workers' Compensation and absolute privilege, and (2) dismissing the defense of qualified privilege with leave to replead. Order reversed, without costs or disbursements, and motion granted to the extent that the defense of qualified privilege is stricken insofar as it relates to the second, fourth and fifth causes of action, and the defense of Workers' Compensation is stricken as to both causes of action against defendant Manobianco, and as to the third and fourth causes of action against defendant Maimonides. Plaintiff alleges that, in the hearing of other employees, his supervisor, defendant Manobianco, made a statement to plaintiff's shop steward accusing plaintiff of being a thief. Plaintiff then commenced this action against Manobianco and the employer, Maimonides Medical Center, for damages for, *inter alia,* loss of reputation, humiliation, severe depression requiring hospitalization, seizures, chest pains, dizziness, and the inability to resume work. Of the five causes of action, the first two are against both defendants and the last three are against Maimonides. The first cause of action alleges defamation and bases Maimonides' liability on *respondeat superior.* The second cause pleads intentional infliction of emotional distress and also relies on *respondeat superior* as against Maimonides. The third and fourth causes reiterate the allegations of defamation and emotional distress but attribute liability to Maimonides on the ground that it authorized, encouraged or ratified Manobianco's conduct. The fifth cause of action alleges the negligence of the employer in failing to discipline, control or discharge Manobianco. The answer contains, *inter alia,* the affirmative defenses of absolute privilege, qualified privilege and Workers' Compensation. Special Term granted plaintiff's motion to strike all of these defenses while granting defendants leave to replead the defense of qualified privilege. The defense of absolute privilege was properly stricken because no fair inference can be drawn from the complaint that plaintiff instigated or consented to the alleged defamatory statement (see *Teichner v Bellan,* 7 AD2d 247; *Wells v Belstrat Hotel Corp.,* 212 App Div 366). The defense of qualified privilege, however, should not have been dismissed as it relates to the first and third causes of action for defamation. A qualified privilege exists whenever the speaker and listener have a common interest in the subject matter of the communication (*Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56; *Kilcoin v Wolansky,* 75 AD2d 1). Although a plaintiff ultimately may be able to overcome this defense by establishing malice, the malice question should not be decided at the pleading stage (*Shapiro v Health Ins. Plan of Greater N. Y., supra,* p 61). Since the communication between Manobianco and the shop steward concerned plaintiff's performance, the common interest doctrine may be applicable (see *Stukuls v State of New York,* 42 NY2d 272; *Gordon v Allstate Ins. Co.,* 71 AD2d 850). However, since the defense of qualified privilege ultimately does not apply to negligence and intentional infliction of emotional harm, it should have been dismissed as to the second, fourth and fifth causes of action. The defense of workers' compensation was properly stricken as to all the causes of action against Manobianco and it cannot bar the third and fourth causes of action pleading Maimonides' participation in the torts. An intentional tort committed by an employee against a coemployee cannot give the perpetrator of the act immunity under the Workers' Compensation Law (*Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 545; *Hirsch v Mastroianni,*

80 AD2d 633; *Le Pochat v Pendleton,* 271 App Div 964; *De Coigne v Ludlum Steel Co.,* 251 App Div 662). But while the tort may be intentional as to the coemployee, it may be accidental from the standpoint of the employer (see *Werner v State of New York,* 53 NY2d 346, 353; *Maines v Cronomer Val. Fire Dept., supra; Mazarredo v Levine,* 274 App Div 122) unless it was perpetrated at the employer's direction or instigation, for then the workers' compensation bar becomes inapplicable (see *Leopold v Britt,* 58 AD2d 856; *Finch v Swingly,* 42 AD2d 1035; *Estupinan v Cleanarama Drive-In Cleaners,* 38 AD2d 353). Since the third and fourth causes of action allege the participation of the employer in the intentional tort, the Workers' Compensation Law does not bar those causes and Maimonides' defense must be stricken as to them. Liability imputed to an employer through *respondeat superior,* however, does not include the employer's participation in the intentional tort and a common-law action pleading *respondeat superior* would be barred by the Workers' Compensation Law (*Estupinan v Cleanarama Drive-In Cleaners, supra*). The workers' compensation bar applies even though the employee suffers some loss for which he cannot be compensated under the Workers' Compensation Law (*Farnum v Garner Print Works & Bleachery,* 229 NY 554; *Fetterhoff v Western Block Co., Div. of Amer. Hoist & Derrick Co.,* 49 AD2d 1001; *Repka v Fedders Mfg. Co.,* 234 App Div 271, affd 264 NY 538). Thus, although the plaintiff seeks recovery for injuries, which have not as yet been recognized as compensable (loss of reputation, humiliation and embarrassment), benefits would still be available for psychological injuries, such as depression anxiety or psychotic reactions, as well as physical injuries (see Workers' Compensation Law, § 2, subd 7; *Matter of Wolfe v Sibley, Lindsay & Curr Co.,* 36 NY2d 505). When the injury is compensable, at least in part, all common-law remedies are abrogated (*Cifolo v General Elec. Co.,* 305 NY 209; *Fetterhoff v Western Block Co., Div. of Amer. Hoist & Derrick Co., supra*). However harsh such a result may seem under certain circumstances, the remedy is with the Legislature and not the courts (*Cifolo v General Elec. Co., supra*). Therefore, Maimonides' defense of Workers' Compensation may stand against the first, second and fifth causes of action. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.