JOSEPHINE RAVO, Respondent, v SOL ROGATNICK, Respondent, and IRWIN L. HARRIS, Appellant.—In an action to recover damages for medical malpractice, the defendant Harris appeals (1) from an order of the Supreme Court, Nassau County (Widlitz, J.), dated May 17, 1984, which denied his motion to limit the plaintiff's recovery against him to $450,000 and granted the plaintiff's cross motion for leave to enter a judgment in her favor and against him in the principal sum of $2,310,000, and (2), as limited by his brief, from so much of an amended judgment of the same court, entered May 31, 1984, as is in favor of the plaintiff and against him in the principal sum of $2,310,000.

Appeal from the order dismissed (see, *Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Amended judgment affirmed insofar as appealed from.

The plaintiff is awarded one bill of costs.

It is settled that an independent and successive tort-feasor is liable only for such additional injury as may be ascertained to be attributable to his conduct (see, *Bergan v Home for Incurables*, 75 AD2d 762; *Dubicki v Maresco*, 64 AD2d 645; *Zillman v Meadowbrook Hosp. Co.*, 45 AD2d 267). In order for a defendant to be considered an independent and successive tort-feasor and therefore liable only for such additional injury caused by him (as opposed to being considered jointly and

severally liable for the entire injury) there must be demonstrated two separate injuries, with the second injury not necessarily resulting from the first, and further, there must be demonstrated the capability of delimiting the injuries caused by the successive tort-feasor *(Wiseman v 374 Realty Corp.,* 54 AD2d 119; *cf. Bergan v Home for Incurables, supra; Dubicki v Maresco, supra).*

In this case, the defendant Harris, a pediatrician, does not dispute negligence on his part but argues that such negligence was successive and not joint and several with the obstetrician Rogatnick. The evidence shows, however, that after a difficult delivery involving brain damage, which was determined by the jury to have involved negligence on the part of the obstetrician, the infant plaintiff had a very high bilirubin and hematocrit level, both known to indicate conditions which cause brain damage. Harris' negligence was the failure to act promptly with respect to the infant plaintiff's condition existing at birth and for sometime thereafter which indicated that severe brain damage was implicated.

It was shown that the instant injury was indivisible and not susceptible to apportionment. Accordingly, there was no testimony which would have supported a finding by the jury that Harris caused an identifiable percentage of the infant plaintiff's brain damage and the jury could find only that Harris caused some unknown portion of the injury. Therefore, the conclusion by the jury that the actions of both Rogatnick and Harris contributed jointly and severally to the producing of a single injury is supported by this record and the jury's determination of the various percentages of culpability was correct. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.