■ **M.G. SALES, INC.**, Respondent, v **CHEMICAL BANK** et al., Respondents and Third-Party Plaintiffs-Respondents. **LEON FRIED**, Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (Alfred M. Ascione, J.), dated October 6, 1986, which granted plaintiff's motion and third-party plaintiff's cross motion for summary judgment dismissing the counterclaims of third-party defendant, unanimously reversed, on the law, with costs, the motion and cross motion denied, and the counterclaims reinstated.

On May 25, 1983, third-party defendant Leon Fried was arrested and charged with two counts each of grand larceny in the second degree (then Penal Law § 155.35), forgery in the second degree (Penal Law § 170.10) and criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Fried was held in custody for over 36 hours before being released in his own recognizance. On October 31, 1983, after 10 court adjournments over a five-month period, the charges against Fried were dismissed on the motion of the Assistance District Attorney, for lack of evidence.

Fried's arrest, which is the subject of the dismissed counterclaims for malicious prosecution and false arrest, was the result of information provided to the police by Marc Gardner, president of plaintiff M.G. Sales, Inc. (M.G. Sales), and representatives of defendant and third-party plaintiff, Chemical Bank. The criminal court complaint which initiated the proceedings against Fried alleged that he had knowingly presented and tendered checks which had been forged and altered. The accusations were premised on Fried having deposited to his account with Chemical Bank, in January and February 1983, two checks drawn on the account of M.G. Sales in a different branch of Chemical Bank.

The checks, Nos. 4173 and 4174, each in the amount of $6,000, had been drawn in November 1981 by Gardner, who made them payable to himself, endorsed the backs of each, and then lost them. On November 16, 1981, Gardner placed stop-payment orders on the checks, describing them as unnumbered and bearing the date November 10, 1981. The stop-payment orders were valid for six months and required renewal thereafter. No renewal was ever sought.

In March or April 1983, after the two $6,000 debits to M.G. Sales' account were discovered by Gardner and reported to

Chemical Bank, Fried was questioned by a representative of the bank. He asserted that he had deposited the checks to his account as a favor to William Maxiculi, a close personal friend, who had no account with Chemical Bank and wanted the checks to clear quickly. When certain that the funds had been credited to his account, Fried had cashed his own checks for the amount in question and delivered the proceeds to Maxiculi.

By complaint dated June 1, 1983, M.G. Sales commenced an action against Chemical Bank seeking damages for alleged wrongful, unauthorized, and negligent payment on the checks. In turn, Chemical Bank commenced a third-party action against Fried in February 1984, for alleged breach of warranty and guarantee of prior endorsements, and for indemnification against M.G. Sales' claims. In his answer, Fried asserted four counterclaims: malicious prosecution, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Each of Fried's counterclaims was the subject of a prior motion by M.G. Sales to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. By order of the Supreme Court, New York County (Ira Gammerman, J.), filed May 30, 1985, the motion to dismiss for legal insufficiency was granted solely with respect to the counterclaims reciting negligence and intentional infliction of emotional distress. M.G. Sales appealed the denial of dismissal with respect to malicious prosecution and false arrest and, by order entered February 27, 1986, this court affirmed the lower court's ruling without opinion [117 AD2d 1028].

M.G. Sales and Chemical Bank next moved, pursuant to CPLR 3212, for summary judgment on the remaining counterclaims. A careful reading of their pleadings, however, reveals that the motions are actually renewed challenges to the legal sufficiency of the counterclaims. The decision of the court below granting the relief requested likewise addresses a perceived failure to establish the necessary elements of false arrest and malicious prosecution.

It is well established that the drastic remedy of summary judgment does not lie unless there exist no triable issues of fact. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404.) It is further firmly established that once an issue is judicially determined, it is the law of the case and is not to be reconsidered in the course of the same litigation. (Holloway v Cha Cha Laundry, 97 AD2d 385, 386.)

Here, the legal sufficiency of Fried's counterclaims for false arrest and malicious prosecution was previously challenged in a motion pursuant to CPLR 3211 (a) (7) and denied. The decision of Justice Gammerman fully discussed the necessary elements for these causes of action and determined that they had been properly pleaded. This court unanimously affirmed.

Nevertheless, M.G. Sales and Chemical Bank again urged legal insufficiency, albeit in pleadings styling this request, which was before a different Judge, as one for summary judgment pursuant to CPLR 3212. We reject this renewed challenge to legal sufficiency, and reverse on the ground that this action presents triable issues of fact.

Among the matters to be resolved are whether Gardner left the checks undated at the time of their making and, if not, what date or dates they carried. This critical issue bears on whether there was a good-faith basis for the accusation that the dates on the instruments were altered, which charge is contained in the criminal court complaint against Fried. Conflicting information on this point is provided by Gardner, who stated in the stop-payment orders that the checks were dated November 10, 1981 (the date also given in M.G. Sales' complaint), but later gave deposition testimony and signed an affidavit in support of summary judgment claiming that the checks had been left undated. Adding to the controversy are two affidavits signed by Gardner on March 28, 1983, which state, on lines Gardner contends he left blank, that the date on check No. 4173 was fraudulently altered from December 30, 1981 to December 30, 1982 and that the date on check No. 4174 was fraudulently altered from January 30, 1982 to January 30, 1983.

Further factual dispute related to the counterclaims of false arrest and malicious prosecution arises as to whether Fried "confessed" to having committed the crimes, as claimed by respondent on the basis of a police detective's statement. Since Fried denies having admitted any wrongdoing, and in view of the fact that the criminal charges against Fried were ultimately dismissed for lack of evidence, it appears that it is solely Fried's voluntary acknowledgment that he deposited the checks to his account which was interpreted to be a confession.

Whether the criminal prosecution against Fried was actuated by malice provides yet another factual controversy, and questions of malice are generally unsuitable for summary disposition. (See, Thompson v Maimonides Med. Center, 86 AD2d 867.)

For these reasons, summary judgment, which addresses issue finding and not issue determination *(Cruz v American Export Lines,* 67 NY2d 1, 13), should not have been granted. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.