■ RICHARD P. JONES et al., Respondents, v UTILITIES PAINTING CORPORATION, Appellant. (And Third-Party Actions.) [603 NYS2d 546] —In an action, *inter alia,* to recover damages for future medical surveillance costs, the defendant appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 17, 1991, which denied its motion to dismiss the complaint and granted the plaintiffs' cross motion to strike the affirmative defense of failure to state a cause of action from the answer.

■ RICHARD P. JONES et al., Respondents, v UTILITIES PAINTING CORPORATION, Defendant and Third-Party Plaintiff. CONSOLIDATED EDISON Co., Third-Party Defendant-Appellant. [603 NYS2d 773] —In an action to recover damages for future medical surveillance costs and emotional distress, the third-party defendant Consolidated Edison Co. appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 13, 1992, as granted that branch of the plaintiffs' motion which was to amend the complaint to assert a cause of action to recover damages for future medical surveillance costs against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was to amend the complaint to add a cause of action to recover damages for future medical surveillance costs and emotional distress against Consolidated Edison Co. is denied.

We find that the cause of action in question is barred under Workers' Compensation Law § 11 (see, Cifolo v General Elec. Co., 305 NY 209, cert denied 346 US 874; Acevedo v Consolidated Edison Co., 189 AD2d 497; Thompson v Maimonides Med. Ctr., 86 AD2d 867). Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.