Brittany L. TILLMAN, by Next Friend, Elaine TILLMAN, and Elaine Tillman and Charles Tillman, Plaintiffs–Appellants,

v.

Julia A. ELROD, M.D., Defendant–Respondent.

Nos. 19659, 19504.

Missouri Court of Appeals, Southern District, Division Two.

March 21, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1995.

Application to Transfer Denied May 30, 1995.

William H. Pickett, Kansas City, for appellants.

Bradley J. Fisher and McDonald, William R. Robb, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for respondent.

PREWITT, Judge.

This action was initiated against an obstetrician, his professional corporation, a hospital nurse, the hospital where she worked, and Defendant–Respondent. All original defendants except Defendant Elrod settled with the Plaintiffs and were dismissed from the matter. Following the settlements and those dismissals, on March 7, 1994, the trial court granted Defendant Elrod's motion for summary judgment.

On March 18, 1994, Plaintiffs filed a motion for reconsideration of that ruling, and on April 18, 1994, Plaintiffs filed a notice of appeal from the grant of summary judgment. On June 27, 1994, Plaintiffs filed an additional notice of appeal after the trial court's denial of the motion to reconsider by no ruling being made within the expiration of ninety days. *See* Rule 78.06.[1]

■ On appeal from summary judgment, an appellate court reviews the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance Corp. v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). However, here there is little, if any, dispute as to the relevant facts regarding the summary judgment.

Due to circumstances occurring immediately prior to and after her birth, Plaintiff Brittany Tillman suffers from cerebral palsy. The record indicates that the obstetrician and nurse who attended the delivery were primarily responsible for that condition. Defendant Elrod, a medical doctor described as a "neonatologist", cared for Plaintiff Brittany Tillman in the neo-natal intensive-care unit following her birth. Plaintiffs contend that her negligence increased the severity of Brittany Tillman's condition.

Defendant Elrod maintains that the testimony of Dr. Crawford, one of the medical experts secured by Plaintiffs, and the only one who found any fault with Defendant Elrod's care, was insufficient to show any fault on Defendant Elrod's part. Crawford conceded that Elrod was not the primary cause of Brittany Tillman's condition, and Crawford could not state what percentage of Brittany Tillman's injuries was attributed to Defendant Elrod.

■ In order to establish a prima facie case of medical malpractice, Plaintiffs must show: (1) an act or omission of Defendant Elrod which failed to meet the requisite medical standard of care, (2) that act or omission was negligence, and (3) a causal connection between that act or omission and the cerebral palsy. *Langton v. Brown,* 591 S.W.2d 84, 88 (Mo.App.1979). *See also Yoos v. Jewish Hospital of St. Louis,* 645 S.W.2d 177, 183 (Mo.App.1982).

Taken in the light most favorable to the Plaintiffs, Crawford's testimony appears to establish negligent conduct of Elrod and a connection between that conduct and Brittany Tillman's condition. Crawford listed six acts or omissions which allegedly breached the standard of care and detail what the appropriate medical care would have been. Dr. Crawford did not articulate any percentage or specify how Elrod worsened the cere-

1. As no question is raised regarding Plaintiffs' right to appeal, it is not necessary that this court decide which notice, or if both notices, were effective to lodge this appeal. The record establishes, and it is not disputed, that at least one of them did so.

bral palsy, saying that Elrod's conduct "contributed but not significantly" to Brittany Tillman's condition, and that contribution was "minor".

■ The question that appears to this court is whether Elrod may be liable when (1) her contribution to the claimed injury was only "minor", and (2) no specific part of the injury can be attributed directly to Defendant Elrod. As to the first part of the question, there may have been a submissible case. The "but for" test for causation in Missouri applies in all cases except those involving two independent torts, either of which is sufficient in and of itself to cause the injury. *Callahan v. Cardinal Glennon Hospital*, 863 S.W.2d 852, 862–63 (Mo. banc 1993). Because the claimed fault by Defendant Elrod and the other health care providers was not independent and sufficient in themselves to cause the entire injury, that is, the degree of cerebral palsy from which she now suffers, the "but for" test applies. The "defendant's conduct is a cause of the event if the event would not have occurred 'but for' that conduct." *Callahan*, 863 S.W.2d at 860–61. According to Dr. Crawford, were it not for Elrod's negligence the severity of Brittany's cerebral palsy would be less.

■ Where concurrent or successive negligence combined together results in injury, the injured party may recover damages of either or both, and neither can use the defense that the prior occurrence or negligence of the other contributed to the injury. *Schiles v. Schaefer*, 710 S.W.2d 254, 267 (Mo.App. 1986). *See also Estate of Treece v. Stillie*, 868 S.W.2d 111, 114 (Mo.App.1993) (plaintiff may recover against either or both of physicians who misdiagnosed).

Defendant Elrod is a health care provider as defined in § 538.205(4) RSMo 1986. Section 538.230.1 RSMo 1986 provides that in an action against a health care provider:

> ... on account of the rendering of or failure to render health care services where fault is apportioned among the parties and persons released ... the court, unless otherwise agreed by all the parties, shall instruct the jury to apportion fault among such persons and parties, or the court, if there is no jury, shall make findings, indicating the percentage of total fault ...

■ For the finder of fact to make an apportionment, it appears obvious to us that there must be some evidence on which to base the finding. Expert medical testimony is necessary to establish negligence of a physician and that the negligence has some causal connection with the injury except where the want of skill or lack of care is so apparent as to require only common knowledge and experience to understand and judge it. *Hart v. Steele*, 416 S.W.2d 927, 932 (Mo. 1967). *See also Delisi v. St. Luke's Episcopal–Presbyterian Hospital, Inc.*, 701 S.W.2d 170, 175 (Mo.App.1985).

Of course, this is not a case, as perhaps in many automobile accidents, where jurors based on the evidence may use their own experience. Although we do not believe a specific percentage is required, at least there must be some evidence as to how the condition was affected by Dr. Elrod's conduct, so that the jury could make that evaluation.

■ Based on the record as we interpret it, there is no indication what, if any, additional or more severe problems were caused by Dr. Elrod. Absent some basis for the finder of fact to make the apportionment, as required by § 538.230.1, no submissible case against Defendant Elrod was shown. Compare *Bacon v. Mercy Hospital of Ft. Scott*, 243 Kan. 303, 756 P.2d 416 (1988). *See also Ledogar v. Giordano*, 122 A.D.2d 834, 505 N.Y.S.2d 899 (1986).

*Ravo v. Rogatnick*, 121 A.D.2d 705, 503 N.Y.S.2d 890 (1986), and *Hippocrates Mertsaris v. 73rd Corp.*, 105 A.D.2d 67, 482 N.Y.S.2d 792 (1984), both involved suits against health-care providers who attended delivery of the birth of a child, and the pediatrician who thereafter treated the child. Following New York law, the court in *Ravo* found that the injury was "indivisible and not susceptible to apportionment." 503 N.Y.S.2d at 892. *Hippocrates Mertsaris*, likewise, indicates there was evidence which might have supported a verdict against the pediatrician, but the jury found for the pediatrician on that issue.

Whether *Ravo* and *Hippocrates Mertsaris* would otherwise conform with Missouri law, we need not decide, as § 538.230.1 requires apportionment, apparently not a requirement under New York law. Some evidence for the fact finder to make that apportionment must be present, otherwise the finding would be based on speculation and conjecture. No such evidence was present in the record here.

The judgment is affirmed.

GARRISON, P.J., and PARRISH, J., concur.