◼ JAMES MAAS, Appellant, v CORNELL UNIVERSITY, Respondent. [666 NYS2d 743] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Rumsey, J.), entered October 30, 1996 in Tompkins County, which partially granted defendant's motion to dismiss the complaint and dismissed the first, second, third, sixth, seventh and eighth causes of action in said complaint.

Plaintiff, a tenured psychology professor in defendant's College of Arts and Sciences (hereinafter the College), was accused of sexually harassing four female undergraduate students. The complaints were reviewed under procedures entitled "Procedures to Handle Accusations of Sexual Harassment against Faculty Members of Cornell University's College of Arts and Sciences" (hereinafter the Procedures). The College faculty, of which plaintiff is a member, approved the Procedures on April 24, 1991.

After the College's Senior Sexual Harassment Counselor determined that the complaints against plaintiff had merit, hearings were held before the College's Professional Ethics Committee. The Committee unanimously found that plaintiff "repeatedly behaved both unprofessionally and inappropriately in his relationship with [three of] these students and that in effect this behavior constituted sexual harassment" and that plaintiff "committed harassment of a more manifestly sexual

and egregious sort" with the fourth student. The Committee recommended, *inter alia*, that plaintiff's relationship with students be conditioned and that its finding of sexual harassment be taken into account for a five-year period in determining increases in plaintiff's salary and any honors or assignments for which he might be considered.

The College's Dean sustained the Committee's determination, modifying in some respects the recommended sanctions, and plaintiff's subsequent administrative appeal to the Provost was rejected. Plaintiff commenced this plenary action alleging, as relevant here, six causes of action. Defendant's preanswer motion to dismiss the complaint on numerous alternative grounds was partially granted, prompting this appeal.

If, within the four corners of a complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, a motion to dismiss will fail (*see, Fourth Branch Assocs. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 964; *see also, Guggenheimer v Ginzburg*, 43 NY2d 268, 275). While Supreme Court may have erred in its factual assessment of when the period of limitations began to run for the purposes of a CPLR article 78 proceeding, the court correctly dismissed the six causes of action.

In his first cause of action, plaintiff seeks a declaration that the College was without authority under defendant's charter, bylaws or Campus Code of Conduct* to create its own sexual harassment procedures. Because the documentary evidence in the record resolves all factual issues as a matter of law and definitively disposes of this cause of action (*see, Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754, 755), Supreme Court did not err in dismissing it (*see*, CPLR 3211 [a] [1]). Although plaintiff strenuously argues that defendant's Code of Conduct provides the exclusive mechanism for the resolution of all sexual harassment claims, thereby precluding the College from adopting its own rules and regulations, the documentary evidence in the record, particularly the Code of Conduct itself, negates this argument. The Code of Conduct plainly states that its "Regulations and the penalties imposed hereunder *shall not be deemed exclusive of and shall not preclude resort to any applicable * * * other University regulations and procedures*" (emphasis supplied). The Code of Conduct also contains a provision entitled "Dual Jurisdiction", which states: "Should any complaint of * * * a violation [of the Code of Conduct] be

---

* Enacted in 1987, the Code of Conduct sets forth rules and regulations applicable to all persons and registered organizations on any campus of the University.

made to a supervisor, department head or the Judicial Administrator, or should a supervisor or department head accuse an employee or faculty member of a violation which involves conduct clearly arising in the course of employment, *determination of guilt or innocence shall be made by the appropriate University administrative authority or department head who shall also assess penalties and/or remedies where appropriate*" (emphasis supplied). These provisions demonstrate quite clearly that the Code of Conduct is not the exclusive means by which sexual harassment complaints are to be reviewed. Moreover, upon our review of the other documentation in the record, particularly defendant's bylaws, it is equally clear that the College acted within the confines of its authority in establishing the Procedures.

Plaintiff's second cause of action seeks recovery for breach of an alleged contract. Even liberally construing the complaint and assuming all factual allegations to be true, it does not allege a specific contract which defendant breached; rather, it merely states that "[a]s a tenured professor at [defendant], plaintiff had a contractual relationship with [defendant]". While plaintiff now asserts that "the procedures contained in the Campus Code and those set forth in the [College's] Procedures" were implicit terms of a contract between himself and defendant, we are unpersuaded. The rules and regulations outlined in these documents constitute academic and administrative prerogatives and this Court will not strain to convert them into a contract. While defendant can be held accountable for the improper discharge of its self-imposed obligations and any procedural flaws in the administrative process (*see, Gertler v Goodgold*, 107 AD2d 481, 486, *affd* 66 NY2d 946), plaintiff's claims in this regard remain intact since the fourth cause of action, which restates verbatim all allegations in the second cause of action, was not dismissed.

The third cause of action for breach of the promise of confidentiality was properly dismissed under the Statute of Frauds (*see*, CPLR 3211 [a] [5]) because there was no written contract or other memorandum memorializing defendant's alleged promise to keep the sexual harassment proceedings confidential (*see*, General Obligations Law § 5-701). Moreover, given defendant's inability to control the actions of third persons over whom it had no control and plaintiff's published letter to the editor of an educational journal commenting on the proceedings against him, defendant's conduct cannot be deemed so egregious or unconscionable to estop it from invoking this defense (*see, Long Is. Pen Corp. v Shatsky Metal*

*Stamping Co.*, 94 AD2d 788). Nor has plaintiff successfully alleged a cause of action for breach of fiduciary duty as the affiliation between the parties—educational institution as employer and tenured professor as employee—does not create a cognizable fiduciary relationship (*see generally, Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162-165; *Michnick v Parkell Prods.*, 215 AD2d 462). Thus, the sixth cause of action was also properly dismissed.

Plaintiff's allegations are also insufficient to state a cause of action for intentional interference with economic advantage (the seventh cause of action). There is no factual allegation whatsoever, conclusory or otherwise, that defendant's conduct was motivated solely by malice (*compare, Loftus, Inc. v White*, 150 AD2d 857, 860) or to inflict injury by unlawful or wrongful means (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 215 AD2d 990, *affd* 87 NY2d 614; *Matter of Entertainment Partners Group v Davis*, 198 AD2d 63, 64; *cf., Butler v Delaware Otsego Corp.*, 218 AD2d 357, 361). Nor does the vague reference to defendant's actions "undermin[ing] plaintiff's ability to successfully negotiate contracts with a number of outside sources" satisfy the strict requirement that specific allegations be pleaded establishing that plaintiff would have consummated a contract but for defendant's interference (*see, Brown v Bethlehem Terrace Assocs.*, 136 AD2d 222, 225). Finally, the instant action having nothing to do with gender bias or gender-based discrimination, Supreme Court did not err in dismissing the eighth cause of action alleging violations of Title IX of the Education Amendments of 1972 (*see*, 20 USC § 1681), which mandates gender equality at educational institutions receiving Federal financial assistance.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.