[683 NYS2d 634]

JAMES MAAS, Appellant, v CORNELL UNIVERSITY, Respondent.

Third Department, January 7, 1999

1

## APPEARANCES OF COUNSEL

*Michael E. Rosman,* Washington, D.C., *David A. Stoll,* New York City, and *Lo Pinto, Schlather, Solomon & Salk,* Ithaca, for appellant.

*Nelson E. Roth,* Ithaca, for respondent.

## OPINION OF THE COURT

CARPINELLO, J.

The relevant facts are fully set forth in our decision on a

prior appeal in this matter (245 AD2d 728). There, we affirmed the dismissal of six causes of action in a complaint filed by plaintiff, a tenured professor, against defendant, his employer. The current appeal stems from Supreme Court's order granting defendant summary judgment on the remaining two causes of action, each sounding in negligence, on the ground that they are barred by the exclusivity provisions of the Workers' Compensation Law.

The thrust of plaintiff's remaining claims is that defendant was negligent in failing to follow its own policies and procedures in resolving sexual harassment complaints against him as a result of which he suffered injuries including defense costs, loss of income, injury to reputation and mental stress. The Workers' Compensation Law, designed to provide a swift and sure source of benefits to injured employees in exchange for "the loss of the common-law tort action in which greater benefits might be obtained" (*O'Rourke v Long*, 41 NY2d 219, 222), is the exclusive remedy for unintentional employment-related injuries (*see*, Workers' Compensation Law §§ 11, 29 [6]; *see also*, *Burlew v American Mut. Ins. Co.*, 63 NY2d 412, 416; *Thompson v Maimonides Med. Ctr.*, 86 AD2d 867, 868).

■ "Consequently, when a defense based on the exclusivity of the statutory remedy is interposed, no suit against an employer may be maintained for an accidental injury that may be fairly described as 'arising out of and in the course of the employment'" (*Burlew v American Mut. Ins. Co.*, *supra*, at 416, quoting Workers' Compensation Law § 10; *Fetterhoff v Western Block Co.*, 49 AD2d 1001, 1002). Thus, for example, an employee may not sue his or her employer for injuries caused by negligent supervision (*see*, *Rosario v Copacabana Night Club*, 1998 WL 273110, 1998 US Dist LEXIS 7840 [SD NY, May 28, 1998, Duffy, J.]; *Ross v Mitsui Fudosan*, 2 F Supp 2d 522, 532; *Silberstein v Advance Mag. Publs.*, 988 F Supp 391; *Nagle v Franzese*, 1991 WL 4736, 1991 US Dist LEXIS 519 [SD NY, Jan. 18, 1991, Cannella, J.]), negligent hiring (*see*, *Rosario v Copacabana Night Club*, *supra*; *Chrzanowski v Lichtman*, 884 F Supp 751; *Nagle v Franzese*, *supra*) or negligence in failing to institute and follow policies to prevent discriminatory conduct (*see*, *Bradley v Consolidated Edison Co.*, 657 F Supp 197, 205). So too, here, plaintiff cannot sue defendant for injuries caused by the latter's alleged negligence, i.e., *unintentional conduct*, in carrying out the disciplinary action against him in the course of his employment.

Plaintiff attempts to avoid the application of the exclusivity provisions of the Workers' Compensation Law on the ground

that his injuries do not amount to a "disability" and, therefore, do not fall within the purview of the statute. We are unpersuaded. Regardless of the nature and extent of his injuries, plaintiff cannot avoid the plain fact that the same are alleged to have been caused by defendant's *negligence*; accordingly, the exclusivity provisions apply (*see,* Workers' Compensation Law §§ 11, 29 [6]). Moreover, in reviewing plaintiff's complaint, bill of particulars and examination before trial testimony, it is clear that he is seeking recovery for mental/emotional injuries arising out of and in the course of his employment.

A mental injury can be an accidental injury compensable under the Workers' Compensation Law (*see, e.g., Matter of Wood v Laidlaw Tr.,* 77 NY2d 79; *Matter of Greene v Freihofer Baking Co.,* 180 AD2d 980; *Matter of Rackley v County of Rensselaer,* 141 AD2d 232, 233, *lv dismissed* 74 NY2d 791). To this end, this Court has held that "a mental injury need not be caused by a discrete, identifiable psychic trauma * * * in order to be compensable. There is no question that emotional stress extending over a period of months, in the absence of a 'specific precipitant', will support a finding of accidental physical injury" (*Matter of Rackley v County of Rensselaer, supra,* at 233 [citations omitted]). Furthermore, in a legion of cases dating back to 1920, it has been firmly established that the workers' compensation bar applies even if an employee suffers losses which are not compensable under the Workers' Compensation Law (*see, Farnum v Garner Print Works & Bleachery,* 229 NY 554; *Thompson v Maimonides Med. Ctr., supra,* at 868; *Fetterhoff v Western Block Co., supra,* at 1002; *Repka v Fedders Mfg. Co.,* 239 App Div 271, *affd* 264 NY 538; *see also, Nagle v Franzese, supra*).

Plaintiff further argues that his claims are exempt from workers' compensation coverage pursuant to Workers' Compensation Law § 2 (7), which provides, as pertinent here, that the term injury shall not include "an injury which is solely mental and is based on work related stress if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer". First, plaintiff's alleged injuries are not "solely mental"; rather, in addition to mental stress, his injuries include loss of income, injury to reputation and defense costs. Moreover, with his prior causes of action having been dismissed and defendant having moved for summary judgment on the negligence causes of action, plaintiff has now elected to assert as a theory of recovery

that he fits within this exception. While such election was permissible at this juncture—summary judgment being the equivalent of a trial (*see, Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 177, *lv dismissed* 92 NY2d 962)—in so doing, plaintiff is conceding that his mental injuries were the consequence of defendant's lawful personnel decisions taken in good faith during the disciplinary action. This being the case, he cannot also establish that defendant was negligent in carrying out the disciplinary procedures against him.

Next, we find that plaintiff is judicially estopped from now claiming that this action should be converted into a CPLR article 78 proceeding. Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding (*see, e.g., Clifton Country Rd. Assocs. v Vinciguerra*, 252 AD2d 792, 793). There can be no doubt that plaintiff strenuously opposed the conversion of this action when such request was made by defendant in the context of its CPLR 3211 motion to dismiss. Having obviously made a tactical decision to pursue his eight causes of action in a plenary action and having succeeded on his prior objection to conversion, plaintiff may not now, owing to changed interests since all claims in this action have been dismissed (*see, Karasik v Bird*, 104 AD2d 758), assume a contrary position.

Finally, plaintiff has abandoned the argument that he should have been permitted to amend the complaint to assert a fraud cause of action having not pursued it in his brief on appeal (*see, e.g., Comeau v Wray*, 241 AD2d 602, 603).

MERCURE, J. P., PETERS, SPAIN and GRAFFEO, JJ., concur.

Ordered that the order and judgment are affirmed, with costs.