■ GERTRUDE HILL, Appellant, v. ROBERT EDMONDS et al., Defendants, and ALBERT J. BRAGOLI, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered June 21, 1965, which dismissed the complaint as against defendant Bragoli upon the court's decision at the close of plaintiff's case upon a jury trial.  Judgment reversed, on the law, and new trial granted, with costs to appellant to abide the event.  No questions of fact have been considered. At the close of plaintiff's case the court dismissed the complaint against the owner of a tractor truck who on a stormy night left it parked without lights in the middle of a road where the car in which plaintiff was a passenger collided with it from the rear.  From the testimony of the driver of the car the court concluded that she was guilty of negligence and was solely responsible for the collision.  That testimony was that she saw the truck when it was four car lengths ahead of her and that she saw it in enough time to turn.  At other points, however, she indicated that she did not know just what happened, that she swerved to avoid the truck, "and the next thing I knew I woke up.  I was unconscious ".  Assuming, *arguendo,* that she was negligent, the accident could not have happened had not the truck owner allowed his unlighted vehicle to stand in the middle of the highway.  Where separate acts of negligence combine to produce directly a single injury each tort-feasor is responsible for the

entire result, even though his act alone might not have caused it (*Hancock* v. *Steber*, 208 App. Div. 455; *Matthews* v. *State of New York*, 271 App. Div. 389, affd. 296 N. Y. 946). Accordingly, the complaint against the truck owner must be reinstated and a new trial had. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.