■ JOHN W. KEMP, III, Respondent, v BARNEY WALDRON, as

Sheriff of Schenectady County, et al., Appellants.—Levine, J. Appeal from that part of an order of the Supreme Court at Special Term (Dier, J.), entered August 23, 1984 in Schenectady County, which partially denied defendant's motion for summary judgment dismissing the complaint.

On August 1, 1983, plaintiff was allegedly attacked, beaten and sodomized by two inmates while he was a prisoner at the Schenectady County Jail. Plaintiff brought an action against the Sheriff, the County and the Deputy Sheriff who was assigned to be on duty on plaintiff's tier on the night of the attack. He alleged that the Deputy Sheriff contributed to the cause of his injuries by carelessly or negligently absenting himself from the tier during that period. His claims for recovery against the Sheriff were based upon (1) vicarious liability for the negligence of the Deputy Sheriff and (2) independent negligence in not providing adequate supervision on the tier and, knowing the dangerous propensities of plaintiff's assailants, failing to segregate them. Plaintiff's claim against the County was based upon lack of adequate funding causing inadequate supervision at the jail. Special Term dismissed those causes of action based upon the Sheriff's vicarious liability and the County's liability. This appeal by defendants for the failure to dismiss the remaining causes of action then ensued.

Defendants' sole contention on appeal is that they owed only a general duty of protection to plaintiff and therefore could not be held liable in negligence for his injuries. They rely on the line of cases holding that, in the absence of the assumption of special responsibility to safeguard the specific victim, a municipal police agency may not be held liable for a victim's criminally caused injuries on a theory of negligent failure to provide adequate protection (see, e.g., *Vitale v City of New York*, 60 NY2d 861, 863; *Riss v City of New York*, 22 NY2d 579, 583; *Steitz v City of Beacon*, 295 NY 51, 56; *Bass v City of New York*, 38 AD2d 407, 413-414, *affd* 32 NY2d 894). However, those cases do not apply to correction officials and their duty with respect to prisoners entrusted to their custody. We have recently held that correction officials have "a duty to provide inmates with reasonable protection against foreseeable risks of attack by other prisoners" (*Sebastiano v New York*, 112 AD2d 562, 564). Furthermore, pursuant to Correction Law § 500-c, the Sheriff has a nondelegable duty to keep prisoners in the county jails safe (*Wilson v Sponable*, 81 AD2d

1, 5, *appeal dismissed* 54 NY2d 834; *Edwards v County of Onondaga,* 39 Misc 2d 443, 444 [Gabrielli, J.]).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur. [125 Misc 2d 197.]