*761 OPINION OF THE COURT
Herman Cahn, J.
This action arises out of an accident whereby plaintiff Lilly Chang (Chang) was seriously injured.
While Chang was walking on the street, towards the crosswalk of East 57th Street, she tripped and almost immediately, she was struck by an automobile, and seriously injured. Chang claims that she was caused to fall by the negligence of the defendant City of New York, and that this negligence was a proximate cause of the injuries she sustained.
Plaintiffs filed a notice of claim pursuant to section 50-e of the General Municipal Law, on March 12, 1986. A hearing pursuant to section 50-h of the General Municipal Law was held on October 29, 1986. On October 30, 1986, a summons and complaint were served upon defendant City of New York.
The sole issue before the court is whether CPLR article 16, which took effect on July 30, 1986, applies to plaintiffs’ cause of action.
The purpose and effect of article 16 is to limit the liability of a joint tort-feasor in certain personal injury actions to his/ her pro rata share of the total award. The legislation applies only to "non-economic loss”, typically pain and suffering.
Prior to enactment of article 16, a plaintiff who had obtained a judgment against more than one joint tort-feasor could proceed to collect the total amount of the judgment from any of the tort-feasors, regardless of the percentage or proportion of negligence ascribable to each (Hill v Edmonds, 26 AD2d 554 [2d Dept 1966]). The joint tort-feasor who paid the judgment would then be relegated to a proceeding to collect their share from the other joint tort-feasors. CPLR 1601 limited the plaintiff’s ability to collect from a joint tort-feasor who was found less than 51% liable, to that percentage of the award equally the percentage of liability found.
Article 16 was made applicable to "actions commenced or claims filed” on or after July 30, 1986. (L 1986, ch 682, § 12.)
Plaintiffs contend that because she filed a notice of claim with the City of New York on March 12, 1986, before the effective date of article 16, the provisions of the article do not apply herein, and the law as it existed prior to the enactment, controls. Thus, plaintiffs assert that the words "or claims filed”, in the section of the statute relating to its effective date, include notice of claim filed with the municipality. (L *762 1986, ch 682, § 12.) Defendant city asserts that those words do not expand the words "all actions commenced”, found therein, and that the statute requires the actual commencement of an action prior to July 30, 1986, in order to have the "old law” apply.
The filing of a notice of claim with the municipality, pursuant to General Municipal Law §§ 50-e and 50-i, is separate and distinct from the commencement of an action (Tarquinio v City of New York, 84 AD2d 265, 268 [1st Dept 1982]). The equivalent to commencing an action referred to in the historical note accompanying article 16 (McKinney’s Cons Laws of NY, Book 7B, CPLR 1600, 1990 Pocket Part, at 171) is filing a claim pursuant to the Court of Claims Act (see, Court of Claims Act § 10). Filing a notice of claim with the city is a distinct act, not the equivalent of commencing an action or filing a claim in the Court of Claims. The former is merely a condition precedent to commencing an action. However, the filing of a claim in the Court of Claims is the same as commencing an action. The court finds that when it used the words "This act * * * shall apply to all actions commenced or claims filed”, the Legislature intended to refer to those commencement of an action in a court, i.e., the Supreme, Civil, District Court, etc. ("commencement of action”) or Court of Claims ("claims filed”). (L 1986, ch 682, § 12.)
Thus, the court finds that because plaintiff did not commence this action prior to the July 30, 1986 effective date, this action is controlled by CPLR article 16, not earlier law. The filing of a notice of claim pursuant to General Municipal Law § 50-i is a separate act, distinct from commencing an action.