■ WILLIAM DOLT, II, et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, and LONG ISLAND LIGHTING COMPANY et al., Defendants. [605 NYS2d 303] —In a negligence action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), dated August 13, 1991, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The defendant Town of Brookhaven separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint and all cross claims are dismissed insofar as they are asserted against the defendants County of Suffolk and the Town of Brookhaven, and the action against the remaining defendants is severed.

The plaintiff William Dolt, II, was injured on September 30, 1985, when the vehicle he was operating was involved in a

collision with another vehicle at the intersection of County Road 51 and Eastport-Manor Road, also a County road, in the Town of Brookhaven, Suffolk County. The traffic light at this intersection is owned by the Town. It was not functioning at the time of the accident because electricity had not yet been restored in the aftermath of Hurricane Gloria, which had damaged a power substation and thus caused the outage three days earlier. The plaintiffs' action against the Town and County is predicated on their alleged failure to take those steps the plaintiffs assert were needed to protect the traveling public from the danger which they claim was a cause of the accident, i.e., the uncontrolled intersection. The Supreme Court denied the respective motions of the Town and the County for summary judgment, holding, *inter alia,* that because the claim made by the plaintiffs against the Town concerned an alleged failure to maintain the intersection in a reasonably safe condition they did not have to plead and prove the existence of a special duty which was owed to the plaintiff William Dolt, II by the Town in order to recover. In addition, the court held the County could not escape liability because the Town owned the offending traffic signal in view of the fact that the County owned both roads and had a duty to correct hazardous conditions existing thereon or to warn motorists of the danger.

The Supreme Court was correct in finding that the County had a non-delegable duty to maintain its roads in a reasonably safe condition, and that it could not shirk its responsibility on the ground that it did not own the light and thus did not create the dangerous condition *(Lopes v Rostad,* 45 NY2d 617, 623; Highway Law § 139 [1]). However, it is undisputed that power outages were to be found throughout Suffolk County on the day of this accident, and that the County was operating under emergency conditions which resulted from the storm's widespread damage. Given the highly unusual context of this occurrence, we find that the claim here essentially is of an inadequate response to an emergency and poor governmental planning, and not simply that the County failed to maintain its roads in a safe condition. Under these circumstances, the injured plaintiff was not entitled to any greater protection or County services than were other County residents affected by the disaster absent a special relationship with governmental authorities, a relationship which is not alleged *(see, Florence v Goldberg,* 44 NY2d 189, 195, 197-198; *Motyka v City of Amsterdam,* 15 NY2d 134). Similarly, the Town cannot be held liable for its alleged failure to provide such protection or services

simply because it owned the inoperative traffic signal. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.