■ Samy Cortes et al., Appellants, v Riverbridge Realty Co. et al., Defendants, and River Edge Associates et al., Respondents. [642 NYS2d 692] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated October 25, 1994, as denied that branch of their motion which was to strike, with preju-

dice, the affirmative defenses based on CPLR article 16 insofar as asserted by the defendants Howard Parnes and River Edge Associates.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the plaintiffs' motion which was to strike, with prejudice, the affirmative defenses based on CPLR article 16, and substituting therefor provisions (a) granting that branch of the motion which was to strike the affirmative defense based on CPLR article 16 insofar as asserted by the defendant Howard Parnes, and (b) denying that branch of the motion which was to strike the affirmative defense based on CPLR article 16 insofar as asserted by the defendant River Edge Associates, without prejudice to renewal in accordance herewith; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

CPLR 1601 provides that where two or more tortfeasors are found to be jointly liable "and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant's equitable share determined in accordance with the relative culpability of each person" (CPLR 1601 [1]). If, however, a tortfeasor can be shown to have violated a "nondelegable duty", he does not get the benefit of the statute (CPLR 1602 [2] [iv]; Siegel, NY Prac § 168C, at 251 [2d ed]).

Here, the defendants Howard Parnes and River Edge Associates (hereinafter River Edge) asserted, *inter alia,* CPLR 1601 as an affirmative defense. The plaintiffs' motion to strike the defense as asserted by the defendant Parnes should have been granted since, as owner of the property, Parnes was charged with a nondelegable duty to keep the dwelling in good repair and to remove or cover lead paint therein (*see,* Multiple Dwelling Law § 78; Administrative Code of City of NY § 27-2013 (h); *Morales v Felice Props.,* 221 AD2d 181; *Nieves v 1097 Walton Realty Co.,* 220 AD2d 329).

The plaintiffs' motion to strike the same affirmative defense as asserted by defendant River Edge should have been denied without prejudice to renewal, since as managing agent, River Edge could only be held liable if it was in complete and exclusive control of the building (*see, Juarez v Wavecrest Mgt. Team,* 212 AD2d 38; *Ioannidou v Kingswood Mgt. Corp.,* 203 AD2d 248; *Keo v Kimball Brooklands Corp.,* 189 AD2d 679). At this time, it is premature to decide whether River Edge may assert CPLR article 16 as an affirmative defense, since there has been no proof concerning the extent of River Edge's degree

of control over the premises. Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.