OPINION OF THE COURT
Herbert Kramer, J.
What constitutes a nondelegable duty pursuant to CPLR 1602?
The City has moved by way of posttrial motion to limit its liability to 20% of the total economic loss recovered by the plaintiff pursuant to CPLR article 16.[1] Plaintiff was struck by the Odani vehicle as she crossed at an intersection that had a broken walk/don’t walk signal.
In this case of first impression, plaintiff contends that the City is not entitled to the protection accorded to a joint tortfeasor under article 16 because the maintenance of traffic signals is a nondelegable duty and nondelegable duties are exempted from the operation of article 16.[2] The City argues that the Legislature did not intend this provision to serve as an exemption, but as a device to protect a plaintiff’s rights to comparative negligence. In the alternative, the City argues that the class of nondelegable duties referred to in this subdivision are only those duties imposed by strict liability statutes.
Initially, the City argues that it was plaintiff’s burden to plead the relevant article 16 exemption and claims that the plaintiff cannot now amend her pleadings to assert that claim. Plaintiff asserts that it was the City’s burden to plead the applicability of article 16 and that it did not do so.
The defendant does not have to plead CPLR article 16 as an affirmative defense because the statute "automatically applies *870 whenever a defendant’s share of the liability is 50% or less”. (Marsala v Weinraub, 208 AD2d 689, 690; cf., Ryan v Beavers, 170 AD2d 1045.) Thus, with respect to the question of who bears the affirmative obligation of pleading as between the proponent of the rule or the exception, the existing case law together with a plain reading of the language of the provision, places the burden of pleading upon the party seeking the benefit of an exception to article 16.[3] However, where the plaintiff did not plead the relevant article 16 exemption in its complaint, it was not left without a remedy, but was permitted to amend its complaint, pursuant to CPLR 3025. (Detrinca v De Fillippo, 165 AD2d 505.)
In light of the liberal emendation rules of CPLR 3025 which govern article 16 issues, and because the article 16 issues were extensively argued during trial, the plaintiff’s complaint is hereby deemed to have been amended to include the allegation that the exception carved out in CPLR 1602 (2) (iv) for nondelegable duties precludes the application of article 16 to the defendant City.
We now turn to the novel question of whether the maintenance of traffic signals, a nondelegable duty of the municipality long established at common law (see, e.g., Dolt v County of Suffolk, 199 AD2d 363; Marren v State of New York, 142 AD2d 717), is also a nondelegable duty under CPLR article 16.
"The presumption is that no change from the rule of common law is intended, 'unless the enactment is clear and explicit in that direction’ [with respect to the judicial construction of statutes] * * * In the absence of such intent to change the common-law definition, there should not be a radical departure from the established definition.” (People v King, 61 NY2d 550, 554.) Thus, this court concludes that the maintenance of traffic signals is a nondelegable duty under this provision. The City’s assertion that this provision was intended only to protect a plaintiff’s right to comparative negligence, rather than to create an exception to the application of article 16, must be rejected as contrary to established precedent. (Cortes v Riverbridge Realty Co., 227 AD2d 430 [tortfeasor violating a *871 "nondelegable duty” does not get the benefit of the statute]; Perez v City of Peekskill, 214 AD2d 552.) The City’s unsupported assertion[4] that nondelegable duties are limited to those duties imposed by strict liability statutes is similarly flawed as it requires grafting language onto a provision that is free of ambiguity and expresses the legislative intent plainly. (McKinney’s Cons Laws of NY, Book 1, Statutes § 76.)
In sum, since the provision exempts nondelegable duties from the ambit of article 16 and the maintenance of traffic signals is a nondelegable duty, the City is not entitled to claim the several only status accorded by article 16.
With respect to the damages portion of the verdict, this court finds the jury’s verdict to be excessive. Accordingly, the judgment will be vacated and a new trial granted as to damages only unless within 20 days after service upon the plaintiff of a copy of this decision and order with notice of entry the plaintiff will serve and file a written stipulation consenting to decrease the verdict as to damages and to the entry of an amended judgment as herein indicated: the verdict of $2,500,000 awarded for pain and suffering to date arising out of the hepatitis C is reduced by $500,000 to $2,000,000, and the verdict of $1,000,000 awarded for pain and suffering in the future arising out of the hepatitis C is reduced by $250,000 to $750,000, and the verdict of $1,000,000 awarded for pain and suffering in the future other than that arising out of the hepatitis C is reduced by $250,000 to $750,000.
A collateral source hearing is ordered pursuant to CPLR 4545 (c). With respect to the remaining contentions of the defendants, it is this court’s view that the verdict was the product of a fair interpretation of the evidence and will not, except as to the remittitur indicated above, be disturbed. The errors alleged with respect to the conduct of this trial, if they be errors, are harmless.

. CPLR article 16, in derogation of the common-law principle of joint and several liability, limits a joint tortfeasor’s liability for noneconomic loss to his pro rata share of the total award where that pro rata share is less than 50% of the total damages. (CPLR 1601; see, Chang v Stile, 146 Misc 2d 760; cf., Hill v Edmonds, 26 AD2d 554.)

. CPLR 1602 provides in pertinent part:
"The limitations set forth in this article shall * * *
"2. not be construed to impair, alter, limit, modify, enlarge, abrogate or restrict * * * (iv) any liability arising by reason of a non-delegable duty or by reason of the doctrine of respondeat superior.” (Emphasis added.)

. CPLR 1603 recites in pertinent part: "a party asserting that the limitations on liability set forth in this article do not apply shall allege and prove by a preponderance of the evidence that one or more of the exemptions set forth in section sixteen hundred two applies. A party asserting limited liability pursuant to this article shall have the burden of proving by a preponderance of the evidence its equitable share of the total liability.” (Emphasis added.)

. Contrary to the City’s assertion, Professor Siegel does not suggest such interpretation in his work, but merely offers as "common examples” of nondelegable duties sections 240 and 241 of the Labor Law which impose strict liability upon owners and contractors. (Siegel, NY Prac § 168C, at 251 [2d ed].)