■ MAXWELL NWARU, JR., et al., Respondents, v LEEDS MANAGEMENT Co. et al., Appellants, et al., Defendants. [654 NYS2d 338] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered June 16, 1995, which, *inter alia*, dismissed defendants-appellants' affirmative defenses and granted plaintiffs summary judgment on the issue of liability, unanimously modified, on the law, to reinstate the affirmative

defense based on CPLR article 16 insofar as asserted by defendants Leeds Management Co. and Stephen Weintraub, and otherwise affirmed, without costs.

Sufficient proof that defendants had actual notice that a child six years old or younger lived in the apartment was provided by the documentary evidence, consisting of window guard forms and the unrebutted deposition testimony of the child's father that he informed defendants' agents when he moved in that a child would be living in the apartment and that defendants' employees painted or repaired the apartment on several occasions in the presence of the child. Thus, Local Laws, 1982, No. 1 of the City of New York (Administrative Code of City of NY § 27-2013 [h] [1]) applies, creating a presumption for this pre-1960 building that the peeling paint constituted a lead hazard (Administrative Code § 27-2013 [h] [2]) requiring immediate correction (Administrative Code § 27-2013 [h] [3]). We reject the contention that window guard forms, required for residency by children less than 10 years old, failed to provide notice, since, at the least, defendants thereby knew that the child could have been six or younger. Moreover, defendants' own records attest that painters had to respond on several occasions, underscoring the father's deposition testimony, unrebutted by persons with knowledge of the facts, that he constantly complained about peeling paint conditions. Documentation by the Bureau of Lead Poisoning Control confirms that peeling paint permeated the apartment, that samplings indicated pervasive unlawful lead concentrations throughout the apartment, and that a child was observed ingesting paint chips. Medical records established the elevated blood-lead levels that caused the injury, which appears to be irreversible. Given this notice of the child's residency, defendants were charged with notice that the physical condition of the apartment constituted a lead-paint hazard, and their failure to correct the hazard makes them liable for the injury (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628).

Although the nondelegable duty imposed under Multiple Dwelling Law § 78 is not limited as a matter of law to title owners (*see, Cortes v Riverbridge Realty Co.*, 227 AD2d 430), and the present record suggests pervasive control of the premises by defendants management company and designated managing agent, a factual issue remains as to whether that control was complete and exclusive, and thus whether the exception for nondelegable duties in CPLR 1602 (2) (iv) applies to deprive those defendants of the benefit of CPLR article 16 (*see, supra*). For this reason, we reinstate their affirmative

defense based on CPLR article 16 for purposes of an appropriate showing in further proceedings.

We have considered defendants' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ.