Neville RANGOLAN and Shirley
Rangolan, Plaintiffs,

v.

The COUNTY OF NASSAU and The
Nassau County Sheriff's De-
partment, Defendants.

No. CV 97–3343(ADS).

United States District Court,
E.D. New York.

April 26, 1999.

Ginsberg & Broome, New York City,
Robert M. Ginsberg, of counsel, for plain-
tiffs.

Montfort, Healy, McGuire & Salley,
Garden City, New York, James J. Keefe,
Jr., Special Counsel to Owen B. Walsh,
County Attorney, for defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this negligence action involving the
assault by one inmate against an informant
inmate, who should not have been housed
together, and a consequent suit for dam-
ages, the only issues presently before the
Court are: (1) whether the plaintiffs, at
the conclusion of the evidence, should be
permitted to amend their complaint to al-
lege, pursuant to CPLR 1602(2)(iv) that
the defendants have a "nondelegable duty"
to keep prisoners safe from foreseeable
risks of harm; and if so (2) whether prison
officials do, in fact, have a "nondelegable
duty" to keep prisoners safe from foresee-
able risks of harm, thus barring the appli-
cation of CPLR 1601. In this case, the

defendants contend that, under the provisions of CPLR 1601, the jury should be permitted to apportion the liability of the assailant inmate.

CPLR 1601 provides that where two or more tortfeasors are found to be jointly liable "and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant's equitable share determined in accordance with the relative culpability of each person." The defendants assert that, pursuant to this statute, the culpability of the assailant should be determined by the jury. Here, we are only concerned with non-economic damages. If, however, a tortfeasor can be shown to have violated a "nondelegable duty," he or it does not get the benefit of the statute. *See* CPLR 1602(2)(iv).

■ The plaintiffs claim that, despite the fact they have not plead the exemption in section 1602, they should be permitted, after the close of all of the evidence, but before the summations and charge, to amend their pleadings to include the "nondelegable duty" exemption.

In *Cole v. Mandell Food Stores, Inc.*, 1999 WL 72857 (N.Y.Ct.App. Feb.16, 1999), the New York Court of Appeals held that the plaintiff was precluded from raising an exception to § 1601 where it was not plead in the complaint or where the plaintiff did not request leave to amend the pleadings. While the Court denied the plaintiff's request to consider an exception to § 1601, the Court of Appeals' decision is limited to the situation where a plaintiff never raises an exception at the trial court level. Indeed, the Court of Appeals specifically stated that, "*on appeal,* plaintiff averred for the first time that an exception to CPLR 1601(1) applied...." *Id.* at *1 (emphasis added). The Court of Appeals also stated that "[the plaintiff] never sought leave to amend the pleadings to include the exception. In fact, plaintiff first asserted that [the defendant] breach-ed a nondelegable duty on appeal to the Appellate Division." *Id.* at *2. The Court of Appeals added that:

> here, plaintiff concededly never pleaded an exception to CPLR 1601 as required by 1603. Moreover, plaintiff failed to amend his pleadings during the course of the action to notify the [defendants] of his allegations. Plaintiff's novel argument on appeal that [the defendants] breached a nondelegable duty was never raised or argued at any point during trial.... Moreover, the assertion by plaintiff that [the defendant] is liable for the full amount of the judgment by reason of a nondelegable duty to plaintiff required that [defendant] have notice of such assertion so that it could prepare its defense or adjust its trial strategy. Failure to provide such notice cannot be deemed harmless.

*Id.* at *3.

Thus, the decision in *Cole* appears to be somewhat limited to the situation where a plaintiff fails to raise the issue of amending his complaint to include a CPLR 1601(1) exception until the case is on appeal. In *Rubinfeld v. City of New York*, 170 Misc.2d 868, 652 N.Y.S.2d 688 (Sup.Ct. Kings Co.1996), by way of post trial motions, the plaintiff sought leave to amend its complaint to include the "nondelegable duty" exception to CPLR 1601. The Court held that "in light of the liberal emendation rules of § 3025 which govern Article 16 issues, and because Article 16 issues were extensively argued during trial, the plaintiff's complaint is hereby deemed to have been amended to include the allegation that the exception carved out in § 1602(2)(iv) for nondelegable duties precludes the application of Article 16 to the defendant City." *Id.* at 870, 690.

At this stage in the litigation, the Court is of the opinion that granting the plaintiffs leave to amend their complaint so as to include the "nondelegable duty" exception would be in furtherance of the liberal interpretation adopted by this Circuit in con-

junction with Rule 15 of the Federal Rules of Civil Procedure, and equally important, in the furtherance of justice. *Hillburn v. Maher*, 795 F.2d 252 (2d Cir.1986). Moreover, it should be noted, that the defendants would not be unfairly prejudiced by the granting of such amendment at this stage in the litigation. Closing arguments have not taken place, and the Court does not believe that the defendants trial strategy would have been altered had the plaintiffs plead this exception from the time they first filed their complaint. The issue of whether the defendants liability emanates from a nondelegable duty has implicitly been vigorously contested by defense counsel throughout the trial, in the context of the section 1983 claim. Even if defense counsel was unaware of the possibility of the plaintiffs raising this issue, which the Court has serious doubts, the issue of whether the prison officials are under a nondelegable duty to protect its prisoners has been at the very core of this trial. In addition, the Court notes that the defendants did not object to the plaintiffs motion to amend. Therefore, the Court grants the plaintiffs request to amend his complaint to include this exception.

■ The only question remaining, therefore, is whether the exception applies. The plaintiffs cite *Littlejohn v. State of New York*, 218 A.D.2d 833, 630 N.Y.S.2d 407 (3rd Dep't 1995) in support of their contention that the prison authorities have a nondelegable duty to keep the prison safe. "The State has a duty to use reasonable care to protect its inmates from foreseeable risks of harm, including risks of attack by other prisoners and further, a known dangerous prisoner may place the State on notice of an increased likelihood of an assault and impose a heightened duty to take special precautions." *Id.* While *Littlejohn* may implicitly stand for the proposition that prison officials have a nondelegable duty to protect prisoners from foreseeable risks of harm, it is not explicit from the Court's language. However, that does not necessarily end our inquiry.

The Third Department, in two cases, has specifically held that the "Sheriff has a nondelegable duty to keep prisoners in the County Jail safe." *See Bowman v. Campbell*, 193 A.D.2d 921, 922 597 N.Y.S.2d 772, 774 (3rd Dep't 1993); *Kemp v. Waldron*, 115 A.D.2d 869, 870–71, 497 N.Y.S.2d 158, 159 (Third Dep't 1985). In addition Section 500–c of the New York Correction Law states that "each sheriff … *shall* receive and safely keep … every person lawfully committed to his custody for *safekeeping*." *Id.* (emphasis added). Moreover, Court's have held that a nondelegable duty exists in conjunction with: (1) an owner of property and his duty to keep the dwelling in good repair, *see Cortes v. Riverbridge Realty Co.*, 227 A.D.2d 430, 642 N.Y.S.2d 692 (2d Dep't 1996); and (2) the City of New York and its duty to maintain traffic signals, *see Rubinfeld v. City of New York, supra*.

Clearly, the duty owed by prison officials to keep their prisoners safe from foreseeable risks is at least as important and meaningful as the duty owed by a landlord to keep his dwelling in good repair or by the City to maintain its traffic signals. The Corrections Law expressly refers to the duty of the Sheriff to keep its prisoners safe. Also, the two Third Department cases cited above specifically state that the Sheriff has a nondelegable duty to keep its prisoners safe.

While defense counsel argues that Professors Siegel's, New York Practice (West 2d ed.1998) "supports the argument" that CPLR 1602(2)(iv) should not be read to prohibit a vicariously liable party from obtaining the benefit of the statute where the non party tortfeasor is not an employee or delegate but an independently acting tortfeasor, the Court disagrees. First, Vincent C. Alexander's practice commentary, contained within Professor Siegel's New York Practice, does not forcefully support that argument. Professor Alexander only fleetingly states, that "*perhaps* CPLR 1602(2)(iv) simply means that a party whose vicarious liability is based on a non-

delegable duty or respondeat superior cannot claim that its 'passive' role makes it 0% at fault in relation to its delegate or employee—the actual tortfeasor." Professor Alexander's interpretation of CPLR 1602(2)(iv) is only one of many suggestions contained in his commentaries and does not unequivocally "support an argument," that CPLR 1602(2)(iv) is inapplicable to this case. Furthermore, Professor Alexander fails to cite any binding statutory authority, historical precedent or case law in support of his precatory suggestion. Moreover, the two cases discussed above, *Cortes v. Riverbridge Realty Co.* and *Rubinfeld v. City of New York*, do not support the defendants' argument that CPLR 1602(2)(iv) should be read to apply only where the non party tortfeasor is an employee or delegate of the named tortfeasor. Finally, it is the Court's view that the nondelegable duty is applicable regardless of whether the nonparty tortfeasor is an employee or delegate of the named tortfeasor because of the importance of the nondelegable duty itself.

The defendant who does not keep its prison safe from foreseeable risks of harm, its dwelling in good repair, or its traffic signals in working order, should not receive the benefit of CPLR 1601 regardless of whether the nonparty tortfeasor is an employee, delegate, or independent tortfeasor. These duties have been deemed "nondelegable" due to the public policy considerations surrounding the importance of keeping prisons, public highways, and the places where people live in safe and working order. The Court finds that the defendants in this case were subject to one of the highest nondelegable duties to keep the informant inmate Neville Rangolan safe from foreseeable risks of harm, and that the defendants should not benefit from the provisions of CPLR 1601 because the nonparty tortfeasor was not an employee or delegate of the correctional facility.

Therefore, the Court holds that the nondelegable duty exception, CPLR 1602(2)(iv), applies in this case, and thus the provisions of CPLR 1601 do not apply.

In view of the Court's ruling, the Court does not have to determine the issue of waiver or estoppel on the part of the County in raising the provisions of CPLR 1601 only after the conclusion of the presentation of the evidence.

Having reviewed the parties' submissions and afforded them the opportunity to present oral argument, it is hereby

**ORDERED,** that the plaintiffs' application to amend its complaint to include an allegation pursuant to CPLR 1602(2)(iv) that the defendants had a nondelegable duty to keep its prisoners safe from foreseeable risks of harm is **GRANTED;** and it is further

**ORDERED,** that the Court finds that CPLR 1601 is inapplicable to this case as the plaintiffs have met their burden of demonstrating that the defendants had a nondelegable duty to keep its prisoners safe from foreseeable risks of harm.

**SO ORDERED.**