■ PAUL FARAGIANO, by his Guardian ad Litem, JOSEPH A. FARAGIANO, SR., et al., Respondents, v TOWN OF CONCORD, Appellant, et al., Defendants. [708 NYS2d 661] —Order unanimously affirmed without costs. Memorandum: Defendant Town of Concord (Town) appeals from an order of Supreme Court that, *inter alia*, denied its cross motion for partial summary judgment on its affirmative defense under CPLR article 16. CPLR 1601 (1) provides in pertinent part that, when the liability of a defendant in a personal injury action is 50% or less of the total liability assigned to all persons liable, the liability of that defendant for noneconomic loss "shall not exceed that defendant's equitable share." CPLR 1602 (2) (iv) provides in pertinent part that the limitations set forth in article 16 shall "not be construed to impair, alter, limit, modify, enlarge, abrogate or restrict * * * any liability arising by reason of a non-delegable duty or by reason of the doctrine of respondeat superior." The

Town contends that CPLR 1602 (2) (iv) is a savings provision, i.e., it preserves the rule of vicarious liability. We disagree with the Town and conclude that CPLR 1602 (2) (iv) provides for exceptions to limited liability when liability arises from the violation of a nondelegable duty or is based on the doctrine of respondeat superior (*see, Nwaru v Leeds Mgt. Co.*, 236 AD2d 252; *Cortes v Riverbridge Realty Co.*, 227 AD2d 430; *Rubinfeld v City of New York*, 170 Misc 2d 868). A municipality owes a nondelegable duty to maintain its roadways in a reasonably safe condition (*see, Lopes v Rostad*, 45 NY2d 617, 623), and the complaint alleges that the Town violated that duty with respect to its maintenance of a Town road that was resurfaced by defendant Midland Asphalt Corporation. Thus, the nondelegable duty exception to limited liability applies.

There is no question that, in adopting article 16 in 1986, the Legislature intended to limit the liability of municipalities. The nondelegable duty exception, however, "was apparently inserted towards the end of the frantic behind-the-scenes maneuverings that produced Article 16 [and] may not have been appreciated at the time" (Siegel, NY Prac § 168C, at 271 [3d ed]). In any event, the decisions construing CPLR 1602 (2) (iv) are several years old, and the Legislature "has not seen fit to alter the law in this area as formulated by the courts" (*Matter of Briggins v McGuire*, 67 NY2d 965, 967-968, *cert denied sub nom. Briggins v Police Dept.*, 479 US 930). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.