217 F.3d 77 (2nd Cir. 2000)
 NEVILLE RANGOLAN and SHIRLEY RANGOLAN, Plaintiffs-Appellees-Cross-Appellants,
v.
THE COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT, Defendants-Appellants-Cross-Appellees.
 Docket Nos. 99-9343(L), 99-9397(XAP)
August Term, 1999
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: June 8, 2000
Decided: June 26, 2000
 
 Appeal from various orders entered in the Eastern District of New York following a jury trial (Arthur Spatt, Judge). Appellants were held liable for injuries suffered by Neville Rangolan in a beating by a fellow inmate, who they negligently housed together with Rangolan in the Nassau County Jail. Specifically, they appeal from the district court's denial of a jury charge request concerning the apportionment of damages with the other inmate, denial in part of a motion to amend judgment, and the taxing of certain costs associated with the trial. Appellees cross-appeal from the district court's dismissal of their Section 1983 claim and the remittitur of damages. We affirm the dismissal of the Section 1983 claim and certify to the New York Court of Appeals a dispositive question concerning the proper interpretation of certain provisions of New York Civil Practice Law and Rules concerning the apportionment of damages.
 JAMES J. KEEFE, JR., Montfort, Healy, McGuire & Salley, Special Counsel to Owen B. Walsh, Nassau County Attorney (Michael G. Kruzynski, of counsel), Garden City, New York, for Defendants-Appellants-Cross-Appellees.
 ROBERT M. GINSBERG, Ginsberg & Broome, P.C., New York, New York, for Plaintiffs-Appellees-Cross-Appellants.
 Before: WINTER, Chief Judge, KATZMANN, Circuit Judge, and HODGES, District Judge.*
 WINTER, Chief Judge:
 
 
 1
 Neville Rangolan was beaten by a fellow prisoner while both were inmates in the Nassau County Jail. Claiming that Rangolan should not have been housed in the same unit as the other inmate, he and his wife brought the present action alleging both negligence under New York law and deliberate indifference to his safety amounting to a violation of his Eighth Amendment rights under 42 U.S.C. § 1983. The district court dismissed the Section 1983 claim, but a jury granted damages on the negligence claim.
 
 
 2
 Nassau County and the Nassau County Sheriff's Department (collectively, "the County") appeal from Judge Spatt's orders (i) denying the County's request to charge the jury concerning the apportionment of damages in accordance with N.Y. C.P.L.R. 1601; (ii) denying in part and granting in part the County's motion to amend the judgment; and (iii) taxing as costs against the County fees incurred by the United States Marshal Service in transporting Rangolan to trial. Rangolan cross-appeals from Judge Spatt's order dismissing his Section 1983 claim against the County and the remittitur order reducing his damages award for future pain and suffering. We affirm the judgment for the County on Rangolan's Section 1983 claim and certify to the New York Court of Appeals the question concerning the proper interpretation of N.Y. C.P.L.R. 1601 and 1602(2)(iv). We retain jurisdiction over the appeal pending a response by the New York Court of Appeals and withhold our ruling on the parties' challenges to the damages and costs awards.
 
 BACKGROUND
 
 3
 While an inmate at the Nassau County Correctional Center ("NCCC"), Rangolan was seriously beaten by a fellow inmate named Steven King. Rangolan and King had been housed together by the County even though their information history forms stored in the NCCC's computer system indicated that the two should not be in contact. Rangolan had cooperated with the government in prosecuting King by acting as a confidential informant, and it was therefore feared that King would retaliate against Rangolan. NCCC Officer Donald Sherlock was responsible for having assigned King to the same dormitory as Rangolan. Sherlock testified that, when he transferred King into Rangolan's dorm, he failed to notice that the "remarks" section of King's information history stated that King was not to be housed with Rangolan.
 
 
 4
 Rangolan and his wife, Shirley, brought the following claims against the County: (i) a Section 1983 claim, alleging a violation of Neville's Eighth Amendment rights due to the County's deliberate indifference to his safety; (ii) two negligence claims under New York law, for breaching duties to protect Neville and to properly train NCCC officers; and (iii) a claim for Shirley's loss of Neville's services. At the close of the evidence, the district court granted judgment as a matter of law to the County on the Section 1983 claim and to Rangolan on the failure-to-protect negligence claim. It denied the County's motion for judgment on the loss-of-services claim. The district court also ruled that the County was not entitled to a jury instruction concerning the apportionment of damages with King in accordance with N.Y. C.P.L.R. 1601. See Rangolan v. County of Nassau, 51 F. Supp. 2d 233, 235-36 (E.D.N.Y. 1999). The district court reasoned that N.Y. C.P.L.R. 1602(2)(iv) rendered Article 16 inapplicable to defendants whose liability arises by breach of a non-delegable duty and that the County's liability here arose by reason of breach of its non-delegable duty to protect prisoners within its custody. See id.
 
 
 5
 After a trial on damages, the jury awarded Neville Rangolan $300,000 in past pain and suffering and $1.25 million in future pain and suffering and $60,000 to Shirley Rangolan on her loss-of-services claim. See Rangolan v. County of Nassau, 51 F. Supp. 2d 236, 238 (E.D.N.Y. 1999). On the County's motion for a new trial or, in the alternative, to amend the judgment, the district court ordered a new trial on damages unless Neville Rangolan agreed to a $500,000 award for future pain and suffering and Shirley Rangolan agreed to a $20,000 award. See id. at 244. Both plaintiffs accepted the reduced awards. Later, the district court taxed as costs against the County almost $5,000 in fees incurred by the United States Marshal Service for transporting, guarding, and caring for Neville Rangolan, who was in the custody of the United States Immigration and Naturalization Service during the trial.
 
 DISCUSSION
 
 6
 We address the merits of the cross appeal before turning to the important and unresolved issue of New York state law presented by this case.
 
 
 7
 Rangolan argues that the district court erred in granting judgment as a matter of law to the County on his Eighth Amendment claim. We disagree. To establish an Eighth Amendment violation, Rangolan must demonstrate that the County acted toward him with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 297 (1991). Under that standard, Rangolan had to show, inter alia, that the County must have known of, and disregarded, an excessive risk to Rangolan's health and safety. See Branham v. Meachum, 77 F.3d 626, 631 (2d Cir. 1996). Officer Sherlock testified, however, that he assigned King to Rangolan's dorm because he mistakenly failed to notice the entry on King's information form warning against housing near Rangolan. The evidence was, therefore, that the County took steps to protect Rangolan -- the posting of the warning -- but mistakenly failed to implement them. Given Sherlock's testimony and the absence of any evidence of substance contradicting it, a reasonable jury could not find that Rangolan had carried his burden of showing that the County deliberately disregarded his safety. The County's conduct does not, therefore, rise to the level of an Eighth Amendment violation, and the district court properly granted judgment as a matter of law to the County on this claim.
 
 
 8
 The dispositive question, therefore, is whether the district court erred in denying the County's request to charge the jury in accordance with N.Y. C.P.L.R. 1601. Section 1601 provides, in pertinent part, as follows:
 
 
 9
 [W]hen a verdict . . . in an action . . . for personal injury is determined in favor of a claimant in an action involving two or more tortfeasors jointly liable . . . and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss . . . .
 
 
 10
 N.Y. C.P.L.R. 1601. Because Rangolan's action against the County is a personal injury action and his damages are solely non-economic, see N.Y. C.P.L.R. 1600 (defining "non-economic loss" as, among other things, "pain and suffering"), Section 1601 would seemingly apply. The absence of the other alleged joint tortfeasor, Steven King, from the suit does not affect the result because Rangolan failed to demonstrate an inability to obtain jurisdiction over him. See N.Y. C.P.L.R. 1601 (providing that culpable conduct of "each person causing or contributing to the total liability for non-economic loss" shall be considered for purposes of limitation-on-liability rule unless plaintiff shows inability to obtain jurisdiction over nonparty tortfeasors); Siler v. 146 Montague Assocs., 652 N.Y.S.2d 315, 319 (2d Dep't), appeal dismissed, 663 N.Y.S.2d 838 (1997).
 
 
 11
 According to Rangolan, however, the County is not entitled to the protection of Section 1601 because N.Y. C.P.L.R. 1602(2)(iv) makes Section 1601 inapplicable where a defendant's liability arises by breach of a "non-delegable duty." N.Y. C.P.L.R. 1602(2)(iv). In pertinent part, Section 1602 provides that "[t]he limitations set forth in this article [16] shall . . . not be construed to impair, alter, limit, modify, enlarge, abrogate or restrict . . . any liability arising by reason of a non-delegable duty or by reason of the doctrine of respondeat superior." Id.
 
 
 12
 We believe that the issues regarding Section 1601 and 1602(2)(iv) should be determined by the New York Court of Appeals upon a Certificate from this court. See N.Y. Comp. Codes R. & Regs., tit. 22, § 500.17 and 2d Cir. R. § 0.27. The statutory provisions do not resolve the issues on their face, and there is no governing caselaw on point. Moreover, the issues are important, and, because negligence claims by prisoners such as the present one are frequently joined with claims under Section 1983 brought in federal court, guidance from the Court of Appeals will avoid the risk of federal courts repeatedly resolving these issues incorrectly.
 
 CONCLUSION
 
 13
 Thus, on consideration of the briefs, records, and oral argument in this appeal, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with this Opinion and a complete set of the briefs, appendices, and record filed by the parties with this court. This panel retains jurisdiction so that, after we receive a response from the New York Court of Appeals, we will dispose of the appeal. The parties are hereby ordered to bear equally such fees and costs, if any, as may be requested by the New York Court of Appeals.
 
 ATTACHMENT
 
 14
 Neville Rangolan and Shirley Rangolan, Plaintiffs-Appellees-Cross-Appellants,
 
 
 15
 v.
 
 
 16
 The County of Nassau and Nassau County Sheriff's Department, Defendants-Appellants-Cross-Appellees.
 
 
 17
 Nos. 99-9343, 99-9397.
 
 
 18
 United States Court of Appeals Second Circuit
 
 
 19
 At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 26th day of June, two thousand.
 
 
 20
 Present: HONORABLE RALPH K. WINTER, Chief Judge, HONORABLE ROBERT A. KATZMANN, Circuit Judge, HONORABLE WILLIAM TERRELL HODGES, District Judge.[1]
 
 
 21
 Pursuant to N.Y. Comp. Codes R. & Regs. tit. 22, § 500.17 and 2d Cir. R. § 0.27, we present the following Certificate to the New York Court of Appeals:
 
 
 22
 1. This is a personal injury action brought by Neville Rangolan against Nassau County and the Nassau County Sheriff's Department (collectively, "the County") for damages incurred due to the County's negligence in ensuring Rangolan's safety while a prisoner in the County jail. Rangolan was attacked and injured by Steven King, a fellow prisoner. The County negligently assigned that prisoner to Rangolan's dormitory even though the County knew that the two should not be housed together because of the possibility that violence might occur between them. The district court granted judgment as a matter of law to Rangolan on his negligence claim and ordered a trial on damages. During pre-trial proceedings, the County requested that the district court charge the jury based on N.Y. C.P.L.R. 1601, a provision that allows a joint tortfeasor to limit its liability for non-economic damages to its proportionate share in certain circumstances. The district court denied the County's request, reasoning that N.Y. C.P.L.R. 1602(2)(iv) precluded apportionment under Section 1601. The jury thereafter found that Neville Rangolan's pain and suffering damages totaled $1.55 million. On the County's motion for a new trial, Rangolan agreed to a reduced award totaling $800,000, and a judgment was entered against the County in this amount.
 
 
 23
 2. The dispositive question presented by this appeal for which there is no controlling precedent of the New York Court of Appeals is whether a tortfeasor such as the County can, in the facts and circumstances of this case, seek to apportion its liability with another tortfeasor such as King pursuant to N.Y. C.P.L.R. 1601, or whether N.Y. C.P.L.R. 1602(2)(iv) precludes such a defendant from seeking apportionment.
 
 
 24
 3. We request that the New York Court of Appeals address the above question at this time because the text of Section 1602(2)(iv) does not provide a clear answer. Moreover, if not definitively answered pursuant to this Certificate, the question will often recur in federal actions because similar negligence claims arising under New York law are frequently joined with claims for the same injuries under 42 U.S.C. § 1983 and brought in federal court.
 
 
 25
 4. The New York Court of Appeals is invited to address any other issue of New York law presented by this appeal.
 
 
 
 Notes:
 
 
 *
 The Honorable William Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.
 
 
 [1]
 The Honorable William Terrell Hodges, United States District Judge for the Middle District of Florida. Sitting by designation.