■ MARKKING SMALLS, Respondent, v AJI INDUSTRIES, INC., et al., Appellants, and JAHKIM A. JENKINS et al., Respondents. [831 NYS2d 42]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 24, 2006, which, in an action for personal injuries sustained when the car in which plaintiff was a passenger struck a dumpster owned by defendants-appellants, denied appellants' motion for summary judgment dismissing the complaint as against them, reversed, on the law, without costs, appellants' motion granted and the complaint dismissed as to them. The Clerk is directed to enter judgment accordingly.

Disregarding the unsworn police and accident reconstruction reports, appellants met their burden of proof by establishing through competent evidence that defendant Jenkins, an inexperienced and unlicensed driver, made a left-hand turn at 35 to 40 miles an hour, skidded on the wet road surface, and rammed into appellants' dumpster, which was parked on the side of the road. Defendant driver admitted that he "made the turn too wide." The responding police officer testified at the deposition that he had seen the dumpster earlier in the day and that it was then parked where a car would be parked, about four to five inches away from the curb, but that he could not remember whether the dumpster was parked in a safety zone.

It was therefore incumbent upon plaintiff passenger and defendant driver to raise a triable issue of fact regarding appellants' negligence. Even assuming, as the driver and passenger contend, that there was no stop or left-turn sign at the intersection, they have failed to meet that burden. The driver's self-serving, utterly vague and imprecise testimony that the dumpster was "in a part of the street that cars would normally drive on" is insufficient to raise a material issue of fact that the dumpster was situated in an unsafe location. Similarly, respondents' assertion that appellants were negligent in failing to place reflectors or lights on the dumpster is devoid of evidentiary facts and unsupported by any authority—expert or otherwise. Given the admitted circumstances in which this accident occurred—skidding on a wet road while making "too wide" a turn at 35 to 40 miles per hour—the claim of negligence on appellants' part is purely speculative, and, consequently, insufficient to defeat summary judgment (*see Castro v New York Univ.*, 5 AD3d 135, 136 [2004]). Concur—Andrias, Friedman and Marlow, JJ.

Tom, J.P., and Gonzalez, J., dissent in a memorandum by Tom, J.P., as follows: At issue on this appeal is not whether defendant driver was negligent but whether the location of the 20-cubic-yard refuse container that he struck and its visibility (or lack thereof) contributed to the injuries sustained by plaintiff. Resolving several issues of fact as a matter of law, the majority concludes that because the driver was negligent in the operation of the motor vehicle, other defendants cannot be held accountable regardless of the location and condition of the dumpster. Because the record contains evidence that the dumpster was located "in a part of the street that cars would normally drive on," and was unseen until virtually the moment of impact, a trier of fact could reasonably conclude that the owners of the refuse container were negligent in placing it in an

unsafe location and failing to equip it with reflective tape or other markings to render it discernable to motorists. Thus, the question of defendants' relative culpability in contributing to plaintiff's injuries is properly reserved for trial (*see Hill v Edmonds*, 26 AD2d 554 [1966] [truck owner who left unlighted vehicle on road liable even assuming negligence of driver who struck it]).

Plaintiff Markking Smalls was a passenger in a Chevrolet Cavalier proceeding east on Randall Avenue in Bronx County in the early morning hours of December 14, 2001. Defendant Jahkim Jenkins was the driver. Defendants AJI Industries, Inc., Eastern Ecology Services, Inc. and Industrial Ecology Services (collectively, AJI) are the owners of a 20-cubic-yard refuse container placed somewhere along the northbound side of Zerega Avenue and close to the intersection with Randall Avenue.

At his examination before trial, Jenkins testified that it was raining as the vehicle approached the end of Randall Avenue, and he described the area around the intersection as "dimly lit." Jenkins conceded that, upon reaching the junction with Zerega Avenue, he made the 90-degree left turn at 35 to 40 miles an hour, began to skid due to the wet road surface and "made the turn too wide." Only as he was completing the turn onto Zerega Avenue did Jenkins see the dumpster directly in front of him. As he described the collision, "I was making the turn. I saw the Dumpster and I was moving wide. I tried to swing back in like I'm trying to turn it, and the car was skidding an[d] I couldn't catch it and I hit the Dumpster." Jenkins further testified that at the time of impact the container was located in the portion of the roadway where cars normally traverse and was not equipped with any lights, reflectors, reflective tape or other visual warning. He spent the next month in the hospital.

Plaintiff testified that the top speed of the vehicle driven by Jenkins while it was proceeding east on Randall Avenue was "[l]ike thirty-five." He stated that the road was dry and, consistent with Jenkins's testimony, denied that any signs were posted that required a stop or prohibited a left turn. Describing the vicinity of the accident, he stated, "like over there in that area was real dark."

The evidence clearly raises an issue of fact as to whether AJI's container encroached upon the lane of travel (*see DeBartolo v Coccia*, 276 AD2d 663 [2000]) or was otherwise dangerously situated (*see Dery v DeCostole Carting*, 281 AD2d 508, 509 [2001]) and whether such negligence was a proximate

cause of the accident. Officer Fox was unable to specify the dumpster's location along Zerega Avenue, although he was able to state that, some two hours earlier, it had been positioned close to the curb. However, the officer only arrived at the accident scene after the collision had occurred, and the force of the impact moved the container a considerable distance; thus, he was in no position to verify that, at the time of the collision, the container was in the same location as he earlier observed (*see Smith v State of New York*, 146 Misc 336, 338 [1933], *affd* 240 App Div 752 [1933] [testimony as to location of unmarked tar bucket placed on shoulder near highway unreliable]). For its part, AJI has submitted no evidence as to whether, in the interim, the dumpster had been moved or replaced with another container. The container was in the middle of the roadway when Officer Fox arrived at the scene.

On the other hand, Jenkins's testimony that the container was located in the travel lane represents a firsthand account of its position immediately prior to the accident. Merely because a statement is made by a party or other interested person does not render it inadmissible or incredible as a matter of law (*see Butler v Helmsley-Spear, Inc.*, 198 AD2d 131, 132 [1993] [plaintiff's self-serving statement sufficient to raise triable issue of fact]; *Harris v City of New York*, 147 AD2d 186, 189 [1989] [parent's statement]).

In addition, the evidence conclusively demonstrates that the dumpster was placed in a dimly lit area of the roadway without any markings to warn drivers of its presence. Both Jenkins and the police officer testified that the dumpster did not have any reflectors or lights, and according to both Jenkins and plaintiff, it had been put in a dimly lit spot. This is significant since a driver proceeding along Randall Avenue approaching the subject intersection has a good view of Zerega Avenue located immediately left of the intersection due to flat terrain unobstructed by any structure. Thus, a jury might reasonably conclude that had AJI's refuse container been equipped with markings to render it visible to motor vehicle operators approaching the intersection, Jenkins would have realized that there was a stationary object on Zerega Avenue close to the intersection with Randall Avenue and executed a slower, more acute left turn, thereby avoiding the accident altogether. Thus, a jury could reasonably find that the location of AJI's refuse container, without lights or reflectors, was a hazardous condition that contributed to the injuries sustained by plaintiff (*see Hart v Scribner*, 44 AD2d 59, 64 [1974] [stalled car standing without lights in the darkness constituted a "menace"]).

Even in the absence of an explicit statutory violation, a jury could conclude that locating a dumpster in the roadway created a hazardous condition under all of the attendant circumstances so as to impose upon AJI a duty to alert motorists to its presence with a warning barrier, suitable lighting or reflective devices. On this point, the ruling in *Matthews v State of New York* (271 App Div 389 [1946], *affd* 296 NY 946 [1947]) is instructive. There, a driver approaching an intersection where the road forked was uncertain of which route to take and veered from right to left. He collided with a road surfacer weighing about eight tons that had been left on a grassy area nearly 20 feet from the side of the highway and 8 to 11 feet from the paved surface of an adjoining road. The surfacer was painted black and was without lights, warning signals or any barrier to alert motorists to its presence. It was held that the Court of Claims had erred in finding that the negligence of the driver was the sole proximate cause of the accident. "The State was also guilty of negligence in placing the surfacer where its agents did without placing lights upon it or anything near or around it of a warning nature to indicate its position" (*id.* at 392). The Court concluded that the State's failure to use due care "concurred in producing the accident and except for that failure the accident and resulting death would not have occurred" (*id.*).

Even assuming that Jenkins might have had some responsibility for the accident (that is, by making an illegal turn, speeding somewhat and/or losing control of his vehicle when it skidded), it certainly cannot be said, as a matter of law, that AJI did not contribute to the occurrence of the accident by placing a dumpster, lacking any reflectors, in a dimly lit area and in a location that a jury could find to be a traffic lane.

AJI has failed to produce evidence in admissible form sufficient to eliminate every material issue of fact in the case against it (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Thus, summary judgment must be denied, irrespective of the sufficiency of the opposing papers (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the order denying summary judgment to AJI should be affirmed.