**Freddie HARRIS, Plaintiff–Appellant,**

v.

**AIDALA, Deputy, Ficchi, Lt., Sergeant Piccolo, Defendants–Appellees.**

No. 06–4365–pr.

United States Court of Appeals, Second Circuit.

March 25, 2008.

Freddie Harris, Gouverneur, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser, Assistant Solicitor General, Frank K. Walsh, Assistant Solicitor General, Albany, NY, for Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

### SUMMARY ORDER

Plaintiff-appellant Freddie Harris, *pro se* and incarcerated, appeals from the September 6, 2006, judgment of the United States District Court of the Western District of New York (Hugh B. Scott, Magistrate Judge) granting defendants-appellees' motion for summary judgment. Harris asserts violations of his Eighth Amendment rights, pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).

■ On appeal, Harris argues that he raised a material issue of fact regarding whether defendants-appellees knew of, and disregarded, an excessive risk to his safety when they placed him in a double cell at Five Points Correctional Facility ("Five Points") in Romulus, New York, with an inmate who later assaulted him. However, the record on appeal establishes that Deputy Aidala, who was head of security at Five Points at the time Harris was assaulted, followed Department of Correctional Services procedure in assessing whether Harris's assailant met the criteria to be placed in a double cell, and whether Harris and his assailant should be placed together. Specifically, Aidala reviewed each inmate's history of violence both inside and outside prison, and screened them for other criteria that would indicate that the two would be incompatible. Additionally, it is undisputed that Harris and his assailant shared a cell for approximately eight weeks without incident, and that during that time Harris never indicated that he felt his cell mate posed a risk to Harris's safety. Therefore, Aidala took reasonable measures to protect Harris's safety. Similarly, the evidence establishes that Ficchi and Piccolo were unaware that Harris's cell mate posed a risk to Harris. Further, neither Ficchi nor Piccolo had any authority over inmate cell assignments, so neither placed Harris at risk. Thus, the record establishes that defendants-appellees did not know of, or disregard, a risk to Harris's safety. *See Rangolan v. County of Nassau*, 217 F.3d 77, 79 (2d Cir.2000).

■ Harris also claims that defendants-appellees are in possession of a videotape of the prison grounds that shows Ficchi and Piccolo joking about the assault on Harris, and refused to turn over the videotape during discovery. Defendants-appellees claim that they have turned over all relevant videotapes of the area on the day in question, and that no videotape recorded any conversation between Ficchi and Piccolo. Harris's conclusory allegations to the contrary cannot defeat defendants-appellees' motion for summary judgment. *See Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 370 n. 3 (2d Cir.2003). Further, even if Ficchi and Piccolo did joke about Harris's assailant's previous assaults on other inmates, as Harris claims, neither was involved in the decision to place Harris and the assailant in the same cell. Therefore, the evidence in question does not go to a material fact. *See* Fed.R.Civ.P. 56(c).

■ Harris claims that the District Court erred in admitting evidence of his criminal conviction for rape in the first

degree. However, the District Court admitted the evidence not for the purpose of establishing Harris's criminal propensity or attacking his character, but for the relevant, limited purpose of determining whether Aidala acted reasonably in placing Harris in the same cell as his assailant, who had also committed a violent crime. *See* Fed.R.Evid. 403, 404(b). Therefore, the District Court's admission and review of the evidence regarding Harris's conviction was not manifest error. *See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,* 424 F.3d 195, 205 (2d Cir.2005). Regarding Harris's claim on appeal that the District Court erred in not granting him a default judgment, the record establishes that defendants-appellees answered his complaint, via a motion to dismiss pursuant to Fed.R.Civ.P. 12(b), in a timely manner. Therefore, the District Court did not abuse its discretion in refusing to grant Harris a default judgment against defendants-appellees. *See Reilly v. Natwest Markets Group Inc.,* 181 F.3d 253, 271 (2d Cir.1999).

Having reviewed the District Court's decision and Harris's claims on appeal, we find no legal infirmity in the order granting summary judgment to the defendants-appellees in its entirety. For the foregoing reasons, we AFFIRM the judgment of the District Court.